WALLTERS ET AL. *v.* CITY OF ST. LOUIS ET AL.

No. 389.  Argued February 2–3, 1954.—Decided March 15, 1954.

*Stanley M. Rosenblum* argued the cause for appellants. With him on the brief was *Harry H. Craig.*

*Samuel H. Liberman* argued the cause for appellees. With him on the brief was *John P. McCammon.*

MR. JUSTICE JACKSON delivered the opinion of the Court.

This appeal challenges a municipal income tax ordinance which excises gross salaries and wages of the employed but only net profits of the self-employed, of corporations and of business enterprises. Appellants, who are wage earners, sued in the state courts for a declaratory judgment and injunction to prevent their employer from withholding the tax and the City from collecting it. Their contention is that the discrimination between wages and profits which results from allowing certain deductions only to profits violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment. It has been overruled by the state courts and is brought here for determination.

The power or jurisdiction of the City to tax these appellants on their earnings is not open to question on federal grounds. There is no issue as to extraterritorial application of the tax or as to burden upon interstate commerce. The taxpayers, the withholding employer, the taxable income earned, were all clearly within the territorial jurisdiction and power of the State and of the municipality to which its taxing authority was delegated. The sole question here is whether in levying a tax on those whom it has plenary power to tax, the City has introduced classification and discriminations so unreasonable as to deny to appellants due process or equal protection of the law.

A weakness of the appellants' case is that its anticipatory character precludes consideration of any contentions insofar as they depend upon actual application of the tax or the regulations promulgated for its administration. This action was commenced almost immediately after the Act became effective. A portion of appellants' wages has been withheld by their employer, but the City has not yet collected the tax. There is no evidence as to

how the amount withheld from appellants compares with taxes collected from self-employed persons or businesses. The complaint attacks only the state legislative Act delegating power to the City of St. Louis and the taxing ordinance enacted by that City.

In the courts below the appellants also attempted to rely upon claims of discrimination resulting from regulations adopted by the municipal taxing authorities. But the Supreme Court of Missouri held the regulations were not before the court, declined to consider them to be a part of the ordinance, and intimated that the regulations might be held void hereafter without invalidating the ordinance. 364 Mo. ——, 259 S. W. 2d 377. Missouri authorizes a petition for amendment or repeal of regulations promulgated by an administrative officer and grants a full judicial review of his final decision thereon or any other order that affects private rights.[1] Appellants have taken no steps to procure such relief. We are uninformed either as to what the administrative practice actually is or whether it conforms with Missouri law. Of course, we will not undertake to review what the court below did not decide. The state court has not passed on any question of discrimination arising from the regulations or any question as to the interpretation or validity thereof. We have here only the very limited issue—does the statute or the ordinance on its face violate the Fourteenth Amendment?

---

[1] Mo. Const., Art. 5, § 22, provides: "All final decisions, findings, rules and orders of any administrative officer or body existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law; and such review shall include the determination whether the same are authorized by law, and in cases in which a hearing is required by law, whether the same are supported by competent and substantial evidence upon the whole record." This provision is supplemented by Mo. Rev. Stat. Ann., 1949, §§ 536.010–536.140.

The Act of the Missouri Legislature is simply a general enabling Act, so far as relevant, authorizing the City to levy "an earnings tax on the salaries, wages, commissions and other compensation earned by its residents; . . . on the net profits of associations, businesses or other activities conducted by residents; . . . and on the net profits earned by all corporations as the result of work done or services performed or rendered and business or other activities conducted in the city." [2] However, it authorizes the municipality to provide "for deductions and exemptions from salaries, wages and commissions of employees . . . ." [3] It directs that net profits shall be ascertained "by deducting the necessary expenses of operation from the gross profits or earnings." [4] It does not limit deductions allowable to wage earners or define the necessary expenses allowable in arriving at net profits.

---

[2] "Any constitutional charter city in this state which now has or may hereafter acquire a population in excess of seven hundred thousand inhabitants, according to the last federal decennial census, is hereby authorized to levy and collect, by ordinance for general revenue purposes, an earnings tax on the salaries, wages, commissions and other compensation earned by its residents; on the salaries, wages, commissions and other compensation earned by nonresidents of the city for work done or services performed or rendered in the city; on the net profits of associations, businesses or other activities conducted by residents; on the net profits of associations, businesses or other activities conducted in the city by nonresidents; and on the net profits earned by all corporations as the result of work done or services performed or rendered and business or other activities conducted in the city." Mo. Rev. Stat. Ann. (1953 Supp.), § 92.110.

[3] "The municipal assembly of any such city may provide for deductions and exemptions from salaries, wages and commissions of employees and may provide for exemptions on account of the wives, husbands and dependents of such employees." Mo. Rev. Stat. Ann. (1953 Supp.), § 92.140.

[4] "The net profits or earnings of associations, businesses or other activities, and corporations shall be ascertained and determined by deducting the necessary expenses of operation from the gross profits or earnings." Mo. Rev. Stat. Ann. (1953 Supp.), § 92.150.

As to the matters complained of, the ordinance is almost as general. It imposes the same rate of tax on salaries, wages, commissions and other earned compensation of individuals as it does on the net profits of the self-employed, corporations, associations and businesses.[5] But it does not make any express provision for deductions from earned income by wage earners such as appellants. As to those in business, it provides generally for deducting "the necessary expenses of operation from the gross profits or earnings."[6] It does not define necessary expenses, but it authorizes the City Collector to promulgate appropriate rules and regulations.[7]

Appellants claim that the ordinance will allow self-employed persons and businesses to deduct such items as taxes (which appellants claim will include federal income taxes) and charitable contributions not in excess of five

---

[5] The pertinent part of the ordinance is as follows: "A tax for general revenue purposes of one-half of one per centum is hereby imposed on (a) salaries, wages, commissions and other compensation earned after August 31, 1952, by resident individuals of the City, including the entire distributive share of any member of a partnership or association, less the amount thereof, if any, which may be shown to have been taxed under the provisions hereof to said association or partnership; and on (b) salaries, wages, commissions and other compensation earned after August 31, 1952, by non-resident individuals of the City, for work done or services performed or rendered in the City; and on (c) the net profits earned after August 31, 1952, of associations, businesses, or other activities conducted by a resident or residents, and on (d) the net profits earned after August 31, 1952, of associations, businesses, or other activities conducted in the City by a non-resident or non-residents; and (e) on the net profits earned after August 31, 1952, by all corporations as a result of work done or services performed or rendered, and business or other activities conducted in the City." City of St. Louis Ordinance 46222, § 2.

[6] Section 1 of the ordinance defines "net profits" as used in § 2 as "The net income of any association, business or corporation remaining after deducting the necessary expenses of operation from the gross profits or earnings."

[7] Section 9 of the ordinance.

percent of net income, which deductions are not allowed to those who earn wages or salaries. This may be true if the ordinance is applied as they expect. Whether this will be the application of the tax we cannot tell, for the record before us does not show its actual impact on classes of taxpayers or its methods of administration. Therefore, appellants' basic position must be that any legislative classification which distinguishes on its face between wage earners and the self-employed is constitutionally prohibited.

On its face, the ordinance classifies incomes for taxation according to their sources, one category consisting of salary and wage income and the other of profits from self-employment or business enterprise. Classification of earned income as against profits is not uncommon, sometimes to the advantage of the wage earner and sometimes to his disadvantage. It is a classification employed extensively in federal taxation, which under appropriate circumstances allows deductions to the self-employed not allowed to employees,[8] discriminates sharply between earned income and capital gains,[9] and sets apart certain types of wage earnings for social security tax and for benefits.[10] We cannot say that a difference in treatment of the taxpayers deriving income from these different sources is *per se* a prohibited discrimination. There is not so much similarity between them that they must be placed in precisely the same classification for tax purposes.

The assertion is made that wage earners and self-employed persons are in competition on the same level of endeavor, and reliance is placed on such cases as *Quaker City Cab Co.* v. *Pennsylvania,* 277 U. S. 389. There the Court found discrimination between identical sources of revenue depending only on the incorporated

---

[8] *E. g.,* I. R. C., §§ 22 (n), 23 (aa).

[9] Compare I. R. C., § 22 (a), with I. R. C., §§ 117 (b), (c).

[10] *E. g.,* I. R. C., §§ 1400, 1426.

or unincorporated character of the taxpayer. But here, varying taxes are not laid upon taxpayers engaged in precisely the same form of activity. Instead, this is a broad tax on income, and the income springs from many activities carried on by many types of business entities. Here the classification rests on the State's view that wage or salary income is relatively fixed, predictable and certain, while profits of business are fluctuating and unstable. In view of widespread taxing practices, we cannot say that this difference is insignificant or fanciful.

The power of the State to classify according to occupation for the purpose of taxation is broad. Equal protection does not require identity of treatment. It only requires that classification rest on real and not feigned differences, that the distinction have some relevance to the purpose for which the classification is made, and that the different treatments be not so disparate, relative to the difference in classification, as to be wholly arbitrary. Cf. *Dominion Hotel, Inc.* v. *Arizona,* 249 U. S. 265; *Great Atlantic & Pacific Tea Co.* v. *Grosjean,* 301 U. S. 412; *New York Rapid Transit Corp.* v. *City of New York,* 303 U. S. 573; *Skinner* v. *Oklahoma ex rel. Williamson,* 316 U. S. 535. "In its discretion it may tax all, or it may tax one or some, taking care to accord to all *in the same class* equality of rights." *Southwestern Oil Co.* v. *Texas,* 217 U. S. 114, 121. It may even tax wholesalers of specified articles on account of their occupation without exacting a similar tax on the occupations of wholesale dealers in other articles. Our disapproval of the wisdom or fairness of so doing is not a ground for interference. *Ibid.* "When a state legislature acts within the scope of its authority it is responsible to the people, and their right to change the agents to whom they have entrusted the power is ordinarily deemed a sufficient check upon its abuse. When the constituted authority of the State undertakes to exert the taxing power, and the question of the validity of its

action is brought before this court, every presumption in its favor is indulged, and only clear and demonstrated usurpation of power will authorize judicial interference with legislative action." *Green* v. *Frazier*, 253 U. S. 233, 239.

*Judgment affirmed.*

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BLACK joins, concurring in the result.

I am less confident than my Brethren that the Supreme Court of Missouri did not pass on the regulations as well as the ordinance. But I bow to their reading of the record, saving for a future day the serious and substantial question under the Equal Protection Clause raised by the regulations which grant employers deductions for taxes paid the Federal Government, yet do not allow employees a deduction for the same tax.