Zimmerman, J.
Section 3 of the ordinance forms the “bone of contention.” It reads as follows:
“Said tax shall be levied, collected, and paid with respect to the salaries, wages, commissions, and other compensation earned during the period April 1, 1954, to October 31, 1954, both inclusive. Said tax shall be levied, paid, and collected with respect to the net profits of corporations, businesses, professions, or other activities earned from April 1, 1954, to October 31, 1954; both inclusive.. Provided, however, that a *534 taxpayer whose fiscal year is the same as the calendar year shall pay the tax on seven-twelfths of his net profits for the year 1954; provided, further, that a taxpayer whose fiscal year is different than the calendar year shall pay the tax on that portion of his net profits for each fiscal year part of which falls within the period April 1 to October 31, 1954, determined by dividing his annual net profits for each of said years by twelve (12) and multiplying the quotient by the number of months within the period April 1 to October 31, 1954, in such fiscal year.”
Plaintiff claims that the provision whereby net profits for the taxing period are computed on the basis of seven-twelfths of annual net profits is discriminatory and invalid because it creates inequalities with respect to those within and without the class. He claims further it is retroactive or postactive in that it taxes profits realized before and after the taxing period specified in the ordinance.
It will thus be seen that the vital issue in the case as far as plaintiff is concerned is the validity or invalidity of that part of the section which provides that the profits subject to tax shall be determined by taking seven-twelfths of annual net profits.
A perusal of section 3 discloses that the tax is imposed as to both the affected classes from April 1 to October 31, 1954, but different methods of calculation are employed. As to wage earners and salaried persons, the tax is imposed on the gross wages or salaries they receive over the months specified in the ordinance; as to plaintiff and those in the class to which he belongs and whose receipts fluctuate from month to month, the tax is imposed on the basis of seven-twelfths of their annual net profits. A design is therefore apparent to balance the tax burden as between the two classes.
Is such classification unlawful or invalid?
*535 As we view the matter, the seven-twelfths provision of section 3 is not a tax on any definite amount, but is merely a formula for fixing net profits subject to the tax over a specified period during the year. In other words, it is a standard or norm applied to receipts which are fluctuating and seasonal to the end that the tax will be borne as uniformly as possible as to each of the two classes involved.
As has been observed, the ordinance provision in issue as it touches plaintiff and those of his class does not levy a tax on any particular income; rather it represents a standard of measurement whereby the net annual profits realized by plaintiff and those in a similar position are allocated to the taxing period of the ordinance for the purpose of equalizing the tax burden among all those affected by the tax.
Plaintiff argues that such method is discriminatory as to him since a higher percentage of his income is received outside the taxing period than within it.
Discrimination in the field of taxation arises when persons of the same class are taxed differently or where there is an unreasonable and arbitrary classification of taxpayers subject to the same tax.
The basic purpose of an income tax is to raise funds to operate the government and it should be levied in such a way that the burden will be distributed with as much uniformity and equality as is possible among all those amenable to the tax.
It is well settled that taxpayers may be divided into classes for the purpose of income taxation. A classification of those whose income is derived from wages and salaries on the one hand and a classification of those who are engaged in business or are self-employed on the other is unobjectionable as long as the impact of the taxes levied on each of such classes is substantially uniform. See Walters v. City of St. Louis, 347 U. S., 231, 98 L. Ed., 660, 74 S. Ct., 505; 11 Ohio Jurisprudence (2d), 13, Section 672.
*536 An analysis of section 3 of the ordinance shows that its purpose is to treat both classes of taxpayers on a basis of equality. One class, consisting of wage earners and salaried persons, pays a tax on what, in most instances, is the equivalent of seven-twelfths of their annual income. The second class pays the tax on an amount measured by seven-twelfths of their annual net profits.
Obviously, the tax is not discriminatory as to the class of which plaintiff is a member. If, as he contends, income is variable and seasonal in certain businesses and professions, there would be some in that class who would receive most of their income during the months included in the taxing period, whereas others might receive only a small portion of their income during the same period. Therefore, the ordinance provision relating to a tax on seven-twelfths of annual net profits is not discriminatory but actually makes for equality of taxation in that class.
Surely a more equitable and reasonable method of taxation than the one evolved in section 3 could hardly have been devised. Both classes of taxpayers are taxed on a basis which makes for equality of taxation, and, considering section 3 as a whole, the results achieved under the formula adopted lack the elements of discrimination and unlawfulness.
It having been determined that the part of the ordinance which plaintiff complains is unfair to him and others similarly situated does not impose a tax but operates as a yardstick for the allocation of income to the taxing period to bring about an overall equality of taxation, the validity or invalidity of a retroactive or postactive tax is beside the point.
We find no error in the judgment of the Court of Appeals, and such judgment is, accordingly, affirmed.

Judgment affirmed.

*537 Matthias, Stewart, Bell and Taft, JJ., concur.
Weygandt, C. J., and Hart, J., dissent.