KUHN v. DEPARTMENT OF TREASURY

1. Constitutional Law—Taxation—Income Tax—Graduated Tax. Constitutional provision prohibiting the adoption of an income tax graduated as to rate or base was meant only to prevent a tax levied at different rates on different segments of income, and it is not violated by the provision in the Michigan income tax act that taxes income of individuals, corporations, and financial institutions at different rates (Const 1963, art 9, § 7; PA 1967, No 281).

2. Same—Taxation—Income Tax—Tax Credits—Graduated Tax. Tax credits provided by Michigan income tax act are allowed equally to all individual taxpayers regardless of their income, and therefore they do not make the tax graduated as to rate or base and thus render it unconstitutional (Const 1963, art 9, § 7; PA 1967, No 281).

References for Points in Headnotes
[1–6] 51 Am Jur, Taxation § 53 et seq.

3. SAME—TAXATION—INCOME TAX—PRIVILEGES AND IMMUNITIES—
NATURAL PERSONS.

The Michigan income tax act operates on all natural persons
in precisely the same manner and therefore does not violate
the privileges and immunities clause of the United States
Constitution (US Const, Am 14; PA 1967, No 281).

4. SAME—TAXATION—INCOME TAX—DUE PROCESS—EQUAL PROTEC-
TION OF THE LAWS—CLASSIFICATION OF TAXPAYERS.

Individuals, corporations, and financial institutions are not so
much alike that they must all be classified alike for tax
purposes, and the Michigan income tax act which classifies
taxpayers into these three groups does not violate the due
process or equal protection clauses of the United States or
Michigan Constitutions (US Const, Am 14; Const 1963, art 1,
§ 2; PA 1967, No 281).

5. SAME—INCOME TAX—STATUTE EMBRACING MORE THAN ONE OB-
JECT.

Inclusion in Michigan income tax act of provisions appropriating
money for the administration of the statute and also pro-
viding that a portion of the revenue is to be returned to county
government *held,* not to violate the constitutional prohibition
of statutes embracing more than one object (Const 1963, art 4,
§ 24; PA 1967, No 281).

6. SAME—INCOME TAX—TIME IN WHICH REFERENDUM MUST BE IN-
VOKED.

Where the time for invoking a referendum has expired, the
question of whether or not the Michigan income tax statute
improperly infringes on the constitutional right of referendum
need not be decided (Const 1963, art 2, § 9; PA 1967, No 281).

Appeal from Oakland, Beasley (William R.), J.
Submitted Division 2 June 10, 1968, at Detroit.
(Docket No. 4,546.)   Decided December 31, 1968.
Leave to appeal granted August 5, 1969.   See 382
Mich 773.

Complaint by Richard D. Kuhn, and Bruce E.
Duke Contracting Company, a Michigan corpora-
tion, against Department of Treasury, Allison
Green, State Treasurer, and Clarence W. Lock,

Commissioner, Department of Revenue, Division of the Department of Treasury, for declaratory judgment that the statute providing for a State income tax is unconstitutional and for an injunction restraining implementation of the statute. Defendants' motion for summary judgment granted. Plaintiffs appeal. Affirmed.

*Kuhn & Scupholm,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William D. Dexter,* Assistant Attorney General, for defendants.

LEVIN, J. Plaintiffs appeal an order of the circuit judge granting defendants' motion for summary judgment dismissing plaintiffs' complaint which sought a declaratory judgment that the income tax act of 1967[1] was unconstitutional.

The income tax act contains different definitions of taxable income for individuals, corporations, financial institutions and estates and trusts.[2] In defining the taxable income of a person other than a corporation, financial institution, estate or trust, the act provides for the subtraction of a personal exemption of the sum of $1,200 times the number of personal or dependency exemptions allowed on the taxpayer's federal income tax return pursuant to the internal revenue code.

---

[1] PA 1967, No 281 (MCLA 1967 Cum Supp § 206.1 *et seq.* [Stat Ann 1968 Cum Supp § 7.557(101), *et seq.*]).

[2] As to individuals, see MCLA 1967 Cum Supp § 206.30 (Stat Ann 1968 Cum Supp § 7.557 [130]). As to corporations, see MCLA 1967 Cum Supp § 206.32 (Stat Ann 1968 Cum Supp § 7.557[132]). As to financial institutions, see MCLA 1967 Cum Supp § 206.34 (Stat Ann 1968 Cum Supp § 7.557[134]). As to resident estate or trust, see MCLA 1967 Cum Supp § 206.36 (Stat Ann 1968 Cum Supp § 7.557[136]).

The rate of tax for individuals is 2.6%,[3] for corporations it is 5.6%[4] and for financial institutions it is 7%.[5]

The act permits taxpayers to claim a credit, according to a graduated schedule, for city income tax liability[6] and property taxes[7] incurred and paid but limits the total credit for city income taxes to $10,-000.

## I.

Plaintiff's complaint asserted:

I. The allowance of the $1200 exemption per dependent in computing the taxable income of persons other than corporations, financial institutions, an estate or trust and the differences in the rates of tax levied upon individuals, corporations and financial institutions violates the following constitutional provisions:

(a) Const 1963, art 9, § 7:

"No income tax graduated as to rate or base shall be imposed by the state or any of its subdivisions."

(b) Fourteenth Amendment, Constitution of the United States:

"No state shall make or enforce any law which shall abridge the privileges or immunities of the citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person

---

[3] MCLA 1967 Cum Supp § 206.51 (Stat Ann 1968 Cum Supp § 7.557 [151]).

[4] MCLA 1967 Cum Supp § 206.61 (Stat Ann 1968 Cum Supp § 7.557 [161]).

[5] MCLA 1967 Cum Supp § 206.71 (Stat Ann 1968 Cum Supp § 7.557 [171]).

[6] MCLA 1967 Cum Supp § 206.257 (Stat Ann 1968 Cum Supp § 7.557[1257]).

[7] MCLA 1967 Cum Supp § 206.258 (Stat Ann 1968 Cum Supp § 7.557[1258]).

within its jurisdiction the equal protection of the laws."

(c) Const 1963, art 1, § 2:

"No person shall be denied the equal protection of the laws; nor shall any person be denied the enjoyment of civil or political rights or be discriminated against in the exercise thereof because of religion, race, color or national origin. The legislature shall implement this section by appropriate legislation."

II. The provisions allowing credits against the tax for property taxes incurred and paid and income tax liability violate Const 1963, art 9, § 7.

III. The income tax act violates Const 1963, art 4, § 24, providing that

"no law shall embrace more than one object, which shall be expressed in its title"

in that it provides for the levying and collection of an income tax and also appropriates three million dollars to the revenue division of the department of treasury for administration and enforcement of the act[8] and also requires the State disbursing authority to remit to county treasurers 17% of certain net collections of tax.[9]

IV. The provisions of the income tax act declaring that the act is "necessary to meet established deficiencies, present and future, in State funds"[10] and that the act shall not take effect unless the estimated revenues to be collected therefrom are required to meet deficiencies in State funds resulting from appropriations about to be made for the year

---

[8] MCLA 1967 Cum Supp § 206.496 (Stat Ann 1968 Cum Supp § 7.557[1496]).
[9] MCLA 1967 Cum Supp § 206.481 (Stat Ann 1968 Cum Supp § 7.557[1481]).
[10] MCLA 1967 Cum Supp § 206.498 (Stat Ann 1968 Cum Supp § 7.557[1498]).

ending June 30, 1968[11] were inserted in an attempt to deprive plaintiff Richard D. Kuhn of his right of referendum under Const, art 2, § 9:

"The people reserve to themselves the power to propose laws and to enact and reject laws, called the initiative, and the power to approve or reject laws enacted by the legislature, called the referendum. The power of initiative extends only to laws which the legislature may enact under this constitution. *The power of referendum does not extend to acts making appropriations for state institutions or to meet deficiencies in state funds* and it must be invoked in the manner prescribed by law within 90 days following the final adjournment of the legislative session at which the law was enacted. To invoke the initiative or referendum, petition signed by a number of registered electors, not less than eight per cent for initiative and five per cent for referendum of the total vote cast for all candidates for governor at the last preceding general election at which a governor was elected shall be required." (Emphasis supplied.)

We have concluded that the previously mentioned provisions of the income tax act do not violate the referred-to provisions of the Federal constitution or this State's constitution.

## II.

The Michigan constitutional provision prohibiting "an income tax graduated as to rate or base" prohibits only different rates of tax on different segments of taxable income of the person being taxed.

---

[11] MCLA 1967 Cum Supp § 206.499 (Stat Ann 1968 Cum Supp § 7.557[1499]).

The income tax act was approved July 20, 1967, and by its terms took effect October 1, 1967, except that the tax on corporations and financial institutions took effect January 1, 1968. MCLA 1967 Cum Supp § 206.499 (Stat Ann 1968 Cum Supp § 7.557[1499]).

It does not prohibit the exclusion or exemption from the definition of taxable income of a portion of the taxed person's receipts.

What the people sought to prohibit was the imposition of the kind of graduated income tax imposed by the Federal government. Of course, the legislature may not accomplish by indirection that which it may not do directly. We have carefully reviewed the objections advanced by the plaintiffs with that in mind. We are persuaded that the tax imposed does not impose the kind of tax which the constitutional provision prohibits.

The words "or base" in the phrase "no income tax graduated as to rate or base shall be imposed" prohibit only the imposition of a so-called "piggyback" income tax, *i.e.,* one based on a taxpayer's Federal tax liability.[12] A piggyback income tax, if enacted, would have the effect of imposing an income tax graduated as to rate.

Nor does this constitutional provision prohibit classification of taxpayers and the imposition upon

[12] This appears from the majority report in support of committee proposal 51 of the constitutional convention of 1961, which proposed the language ultimately adopted by the convention and the people as article 9, section 7. The following is from the majority report (1 Official Record, Constitutional Convention 1961, p 854):

"The provision makes it clear that neither the State nor any local unit of government may impose a graduated income tax. The words 'or base' are necessary to prevent 'piggyback' taxation based on the Federal tax liability. Without such language, a tax nominally imposed at a flat rate might actually adopt all of the graduation of the Federal tax. A flat rate income tax is clearly permitted and could, in the opinion of the committee, be imposed on a 'piggyback' basis on income computed for Federal tax purposes. The legislature could prescribe reasonable exemptions for a flat rate income tax."

That the words "or base" were included for this purpose also appears from the record of debate. See 1 Official Record, Constitutional Convention 1961, pp 893, 894. See, also, the address to the people, explaining article 9, § 7, 2 Official Record, Constitutional Convention 1961, p 3399, reprinted as annotation to 1 MCLA, art 9, § 7, p 562:

"The words 'or base' are necessary to prevent 'piggyback' taxation based on the federal tax liability" and further, "The legislature could prescribe reasonable exemptions for a flat rate tax."

one class of taxpayers of a different rate of tax than that imposed upon another class of taxpayers.

The classification of taxpayers into 3 principal categories, *i.e.*, individuals, corporations and financial institutions, not being based on their respective incomes, does not violate article 9, § 7. The rates of tax imposed by the income tax act are uniformly applicable to all taxable income of every taxpayer in each class.

The credits for property and income taxes are allowed against the tax liability of all taxpayers without regard to their income. The limitations upon the amounts of credits that may be claimed by a taxpayer are not based upon the taxpayer's income; the effect is not to impose a tax violative of the constitutional prohibition against a tax graduated as to rate or base.

## III.

We now consider the claim that the classification of taxpayers into 3 categories violates the equal protection of the laws provisions of the Federal and State constitutions, the due process and privileges or immunities clauses of the Fourteenth Amendment and the new civil or political rights clause of the Michigan constitution.

The civil or political rights clause protects only against discrimination because of religion, race, color or national origin.[13]

The United States Supreme Court has declared that "natural persons, and they alone, are entitled to the privileges and immunities which section 1 of the Fourteenth Amendment secures for 'citizens of the United States.'" *Hague* v. *CIO* (1938), 307 US

[13] See address to the people, 2 Official Record, Constitutional Convention 1961, p 3363, reprinted as annotation to 1 MCLA, art 1, § 2, p 524.

496, 514 (59 S Ct 954, 83 L Ed 1423, 1434). Since the tax levied by the income tax act operates on all natural persons in precisely the same manner, we need not consider further plaintiffs' bare assertion that the income tax act violates privileges or immunities of national citizenship. See *Hamilton* v. *University of California* (1934), 293 US 245, 261 (55 S Ct 197, 79 L Ed 343, 352), rehearing denied 293 US 633 (55 S Ct 345, 79 L Ed 717).

There is not so much similarity between individuals, corporations and financial institutions and the nature of their sources of income that they must all be classified alike for tax purposes. The classification of taxpayers in the income tax act does not violate the due process clause of the Fourteenth Amendment nor does it violate the equal protection clauses of the Fourteenth Amendment or of Michigan's constitution. See *Walters* v. *City of St. Louis* (1953), 347 US 231 (74 S Ct 505, 98 L Ed 660), where the United States Supreme Court declared, p 237:

"The power of the state to classify according to occupation for the purpose of taxation is broad. Equal protection does not require identity of treatment. It only requires that classification rest on real and not feigned differences, that the distinction have some relevance to the purpose for which the classification is made, and that the different treatments be not so disparate, relative to the difference in classification, as to be wholly arbitrary."

## IV.

The inclusion in the income tax act of provisions appropriating three million dollars to the revenue division of the department of treasury and directing the distribution of 17% of the personal income tax proceeds to county treasurers do not violate the con-

stitutional prohibition against a law embracing more than one object.

The income tax act centers to one main general object or purpose which the title declares. Those provisions in the body of the act not directly mentioned in the title are germane, auxiliary or incidental to that general purpose. The constitutional requirement was observed. See *Loomis* v. *Rogers* (1917), 197 Mich 265, 271, and *People, ex rel. Wayne Prosecuting Attorney,* v. *Sill* (1945), 310 Mich 570, 575.

## V.

Turning to the referendum issue, plantiffs assert they were entitled to seek a referendum because there was not in fact a deficiency in State funds when the income tax act was passed. They represent to us that in another action challenging this act the attorney general stipulated there was a surplus in the fiscal year ended June 30, 1967. It will be recalled that the act contains a provision that its enactment is necessary to meet "established deficiencies, present and future, in state funds," and that it shall not take effect unless the estimated revenues to be collected therefrom are required to meet deficiencies in State funds resulting from appropriations for the fiscal year ending June 30, 1968.

Plaintiffs argue that the exception to the people's right of referendum for acts "to meet deficiencies in State funds" refers to actual, not prospective, possible deficiencies and, thus, the deficit anticipated by the legislature for the year ending June 30, 1968, was not the kind of shortage of funds for which an act may be passed free of the people's right of referendum.

The constitution provides that to invoke the referendum petitions signed by 5% of the total vote cast

for all candidates for governor at the last preceding general election are required. Const 1963, art 2, § 9.

Legislation subject to the power of referendum properly invoked cannot become effective until after certification of the results of the next general election (Const 1963, art 2, § 9), which is the election to be held in even-numbered years in November. MCLA, § 8.3s (Stat Ann 1968 Cum Supp § 2.212 [19]); MCLA, § 168.641 (Stat Ann 1956 Rev § 6.1641); Const 1963, art 2, § 5.

Plaintiffs argue that while the effectiveness of a law designed to meet an actual deficiency may not be so delayed, where the fact of deficiency has not been established at the time of passage of the law, its effectiveness is deferred upon invocation of the referendum until the people affirmatively approve the law.

In *Detroit Automobile Club* v. *Secretary of State* (1925), 230 Mich 623, the Michigan Supreme Court, in an opinion signed by 5 justices, held that an act imposing a gasoline tax was not subject to the power of referendum. There, however, the deficiency was an actual, pre-existing deficiency. It was argued in that case that the "constitutional provision could be evaded in every revenue measure by including a small proportion to cover some immediate deficiency". The Court responded that "there might be merit in counsel's contention if it were apparent that but a small proportion of the revenue was appropriated with that intention, but in the instant case the act provides for a very substantial appropriation to meet a very substantial deficiency."

On the facts of this case we see no need to resolve the interesting question posed by the plaintiffs and decline to do so on the principle that courts avoid reaching constitutional questions not necessary to decision.

The constitution provides that the power of referendum must be invoked within 90 days following final adjournment of the legislative session at which the law was enacted. Const 1963, art 2, § 9. See, also, MCLA, § 168.473 (Stat Ann 1956 Rev § 6.1473). The final adjournment of the regular session of the legislature of 1967 was on August 3, 1967, and, thus, the last day for the filing of petitions seeking a referendum was November 2, 1967. PA 1967, p 673.

The income tax act was approved July 20, 1967. The plaintiffs commenced this action September 13, 1967. The opinion of the trial judge was filed October 5, 1967, and the order dismissing plaintiffs' complaint was filed October 9, 1967. Under the circumstance that the attorney general was taking the position that the income tax act was not subject to the power of referendum, the plaintiffs were entirely justified in seeking a declaratory judgment as to their right of referendum before going to the trouble and expense of obtaining the large number of signatures required to place the question on the ballot.

In a case of this kind the moving party is entitled to an expeditious disposition by the courts so that the right of referendum guaranteed by the constitution is not jeopardized. The plaintiffs in this case obtained such an expeditious disposition at the trial court level.

Their claim of appeal was filed October 19, 1967. No application for emergency consideration by our Court or for by-pass of our Court or for emergency consideration was filed with the Supreme Court.

There is no provision in the constitution extending the time within which a referendum may be sought by reason of the pendency of litigation and it would be extraordinary for the courts to declare such an

extension of time. If the plaintiffs desired to exercise the power of referendum they were obliged to proceed within the time provided by the constitution to obtain signatures. It is not claimed that any such effort was made. We conclude that the time for seeking a referendum on the income tax act has expired.

Affirmed. No costs, a public question.

T. G. KAVANAGH, P. J., and NEWBLATT, J., concurred.