Raymond E. Aldrich, Jr., J.
Defendant moves to vacate his judgment of conviction on the ground that it was obtained in violation of his rights under the Constitution of this State and the United States. In his supporting papers, he avers that he was convicted of the crime of murder following trial by jury, and was thereafter sentenced to an indeterminate sentence of 21 years to life, and he now claims that at the time of his sentence he was denied his due process right to be adjudicated youthful offender treatment solely because of the grade or degree of the offense for which he was indicted, without any regard for that of which he might be convicted, citing as his *763 authority People v Brian R. (78 Misc 2d 616, affd 47 AD2d 599).
The People oppose the motion, alleging that the appeal of the defendant’s conviction is still pending and that the ground advanced is reviewable upon such appeal (CPL 440.10, subd 2, par [b]).
This defendant was charged with having committed the crime of murder on June 29, 1969 when with intent to cause the death of an individual he did so by means of a shotgun. At the time the crime was committed the provisions of section 913-e of the Code of Criminal Procedure governed the eligibility of a youth who might be eligible for youthful offender treatment, and that section provided, among other things, as follows: "§ 913-e. Definitions * * * and the term 'youthful offender’ shall mean a youth who has committed a crime not punishable by death or life imprisonment, who has not previously been convicted of a felony” (emphasis added).
This defendant was found guilty by jury verdict of the crime of murder, a class A felony, and he was sentenced to life in prison, which therefore meant that he did not qualify as a youthful offender under the statute as it then existed.
Subsequent to the defendant’s conviction, and particularly on September 1, 1971, the Code of Criminal Procedure was superseded by the CPL, and one of the notable changes was the definition of an eligible youthful offender. The Legislature decreed that a youthful offender would no longer mean "a youth who has committed a crime” but rather the definition of a youthful offender was set forth in CPL 720.10 (subd 2) as follows: "§ 720.10. Youthful offender procedure; definition of terms * * * 2. * * * Every youth is so eligible unless he (a) is indicted for a class A felony, or (b) has previously been convicted of a felony.” (Emphasis added.)
Subsequent to September 1, 1971, and particularly effective as of August 9, 1975, CPL 720.10 (subd 2) was further amended so that substituted for "class A felony” was "class AI or class A-II felony”. (L 1975, ch 832, § 1.)
People v Brian R. (supra), cited by the defendant, found the constitutional infirmity of CPL 720.10 (subd 2, par [a]) to be grounded upon the finding that (p 620) "The restriction ór classification based upon the charge made in the indictment rather than the charge proven in court is utterly capricious and irrational.”
*764 The Brian court further found that (p 619) "By tying the availability of youthful offender treatment to the indictment, without regard to whether the class A felony charge is sustained by a verdict is to give constitutionally impermissible significance to the ex parte Grand Jury accusation.”
The trial court in Brian was affirmed without opinion by the Appellate Division, First Department (People v Brian R., 47 AD2d 599), and followed by another trial court in People v Ruben S. (81 Misc 2d 305).
As the foregoing suggests, the crucial infirmity found by the Brian and Ruben courts which led to rejection, of the statutory restriction of the class of eligible youths was the provision limiting eligibility to the grade of the crime charged in the indictment rather than the crime for which a defendant was ultimately convicted. However, the factual setting in this proceeding does not present an analogous situation as the defendant herein was not only charged but was in fact convicted under a statute which provided ineligibility for youthful offender treatment where the youth has "committed a crime”, which this court equates with thé word "conviction” which would mean not merely a crime for which a youth is indicted, but rather means a crime for which he has been convicted. At the time of his sentencing this defendant was an ineligible youth as a result of a jury trial, he having been convicted after a full adversary proceeding, which should be contrasted to an ex parte accusation by a Grand Jury. Under such circumstances the constitutional infirmities held by the Brian and Ruben courts are absent.
Furthermore, considering the constitutional grounds raised by defendant and addressing the provision of the Code of Criminal Procedure previously cited, this court holds that the classification scheme created by that statute was neither arbitrary, capricious nor irrational. As expressed in People v Drayton (47 AD2d 952, 953), what the equal protection clause requires is " 'that the distinction have some relevance to the purpose for which the classification is made, and that the different treatments be not so disparate, relative to the difference in classification, as to be wholly arbitrary’ (Walters v City of St. Louis, 347 US 231, 237).” In view of the heinous nature of the crime for which this defendant was convicted, it cannot be held that the exclusion from youthful offender treatment of this defendant convicted of the crime of intentional murder is arbitrary, capricious, or irrational as it is *765 within the legislative prerogative to determine criminal sanctions, including the withholding or granting of amelioratory treatment (People v Broadie, 37 NY2d 100; People v Drayton, supra).
While defendant requested assignment of counsel, such request was not granted for the defendant has very clearly and plainly set forth in his motion papers the ground and the reasons for the relief sought, and in this particular application he does not need the assistance of counsel nor is one constitutionally required.
For the foregoing reasons, the motion is denied.
So ordered.
Petitioner is advised of his right to appeal the denial of his motion under CPL 440.20 to the Appellate Division of the Supreme Court, Second Judicial Department, 45 Monroe Place, Brooklyn, New York 11201, and further of his right, upon proof of his financial inability to retain counsel and to pay the costs and expenses of the appeal, to apply to the Appellate Division, Second Judicial Department, for the assignment of counsel and for leave to prosecute such appeal as a poor person and to dispense with printing, as provided in the Rules of the Appellate Division, Second Judicial Department (22 NYCRR 671.5).