THE NAVAJO NATION

Plaintiff-Appellee

vs.

KEE BROWNEYES,

Defendant-Appellant

Decided on October 31, 1978

Wayne Cadman, Office of the Prosecutor, Window Rock, Arizona,
 for Plaintiff-Appellee

Irvin Chee and Lewis Fleishman, D.N.A., Shiprock, New Mexico,
 for Defendant-Appellant

Before NESWOOD, Acting Chief Justice, LYNCH and WALTERS,
 Associate Justices

NESWOOD, Acting Chief Justice

I.

This case is on appeal from a judgment of the Shiprock District Court finding the defendant, Kee Browneyes, guilty of Driving While Intoxicated and Possession of Liquor.

The evidence presented at trial was that the defendant was hitchhiking in the vicinity of Beclabito, New Mexico when a pickup with four people in it stopped for him. The defendant testified that the owner asked him to drive, which he did, and that he was given a beer while he drove. He further testified that he did not know that there was any other liquor in the pickup.

The defendant was stopped by an Arizona Department of Public Safety Officer around Teec Nos Pos, Arizona and charged with Driving While Intoxicated and Possession of Liquor.

Judge Charley John ruled that knowledge and intent to transport liquor was not required to convict a person under 17 NTC 561 and found the defendant guilty of both charges. Mr. Browneyes was sentenced to sixty (60) days in jail, but his sentence was suspended and he was placed on probation for that time.

When the defendant appealed, the Acting Chief Justice dismissed the case on the grounds that 7 NTC 172 (7 NTC 302, 1977 compilation) required a sentence in excess of fifteen (15) days in jail or a $26 fine in order to appeal.

The defendant then filed a Motion for Reconsideration, alleging that a sentence of sixty days probation exceeded the limitation of the Navajo Tribal Code, that the limitation of the Code violates the Indian Civil Rights Act and that the decision of the Shiprock District Court holding that knowledge and intent to transport liquor was not required was error.

We accepted the Motion For Reconsideration and a full hearing was held on October 18, 1978.

II.

The issues presented by this case are:

1. Does the limitation of 17 NTC 172 (7 NTC 302) violate the due process and equal protection sections of the 1968 Indian Civil Rights Act, 25 U.S.C. 1302?

2. Does a sentence of probation in excess of 15 days exceed the limitation of 7 NTC 172 (7 NTC 302)?

3. Should the conviction for Possession of Liquor be reversed if the case is appealable?

III.

Although no legislative history is available to this Court to examine, it appears that the purpose of 7 NTC 172 (7 NTC 302) was to limit what the Tribal Council felt would be a large number of appeals.

This Court must bear in mind that the section in question was passed in 1959, before Congress passed the Indian Civil Rights Act and mandated due process and equal protection by Indian Courts and governments. Therefore, the Court must examine the limitation of 7 NTC 172 (7 NTC 302) to see if it now complies with the federal law.

"Equal protection does not require identity of treatment. It only requires that classification rest on real and not feigned differences..." Walters vs. City of St. Louis, 347 U.S. 231, 74 S.Ct. 505, 98 L.Ed. 660.

To this Court, there is no difference between those persons

who can appeal and those who cannot, except the sentence. To say there is a difference is to diminish the impact of one person's conviction solely because his sentence is less than 15 days or $26. The consequences, legal and civil, and the stigma of conviction still attach.

"Equal protection in its guaranty of like treatment to all similarly situated permits classification which is reasonable and not arbitrary and which is based upon substantial differences having a reasonable relation to the objects or persons dealt with and to the public purpose sought to be achieved by the legislation involved." Champlin Refining Co. v. Cruse, 115 Colo. 329, 173 P.2d 213.

This Court does not believe that any rationale purpose is achieved by 7 NTC 172 (7 NTC 302). The only reasonable purpose behind such a limitation is to reduce the number of potential appeals and thereby save the public the expense.

To say that an appeal does not present an issue worthy of appellate consideration merely because the sentence is less than 15 days in jail or less than $26 is to ignore the fact that judges may make mistakes even when small sentences or judgments are given.

In that the Rules of Appellate Procedure require substantial grounds for an appeal to be stated, the number of appeals is limited to those that present genuine issues. Therefore, the interest of the public in saving money is protected. To insure justice for all, it is

necessary that the limitation of 7 NTC 172 (7 NTC 302) be declared null and void as violative of the Indian Civil Rights Act.

The appeal in this matter is therefore allowed. Because we find 7 NTC 172 (7 NTC 302) to be void, we need not consider the question of whether a sentence of probation in excess of fifteen (15) days is appealable despite the limitation of the Navajo Code.

IV.

Counsels for the defendant have urged this Court to decide whether 17 NTC 561 requires actual intent to possess or transport. We decline to do so for two reasons:

According to the evidence presented at trial, the defendant was handed a can of beer, which he consumed. Under 17 NTC 561, he was therefore possessing liquor. The defendant is still guilty of violating 17 NTC 561 even if we were to rule the judge's interpretation of that section incorrect. Thus, we need not reach the question of the judge's interpretation of the law in regards to intent and knowledge.

Secondly, the new Criminal Code of the Navajo Nation goes into effect on November 4, 1978. Section 410 of the new Code requires intent or knowledge as a prerequisite to conviction. Section 410 should eliminate this problem from arising in the future.

V.

For the reasons stated above, the limitation of appeals in 7

NTC 172 (7 NTC 302, 1977 edition) is declared null and void. The conviction of the defendant is AFFIRMED.

LYNCH, Associate Justice and WALTERS, Associate Justice, concur.