DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the Municipal Court of Sandusky, Ohio, which granted judgment to the City of Sandusky Income Tax Department, appellee, for back taxes owed by appellant, in the amount of $1,256.14 plus ten per cent interest.
 {¶ 2} Appellant owns four businesses located in the city of Sandusky, Ohio: a law firm, a consulting business, a massotherapy business, and a real estate business. Each business is structured as a sole proprietorship. When appellant filed his 2001 income taxes, he consolidated the profits and losses from all four businesses in order to determine his taxable income. The consolidation resulted in the overall losses offsetting the overall profits. Appellant's overall tax liability was therefore less than if appellant had not consolidated the income for each business.
 {¶ 3} On October 11, 2002, appellee filed a complaint in the Municipal Court of Sandusky, Ohio, for unpaid taxes. Appellee claimed that, because appellant did not comply with Sandusky Admin. Code 191.04(f), $1,256.14 is due for unpaid tax, interest, and penalty. The relevant section provides: "Determination of Income Subject to Tax. * * * (f) In determining income subject to taxation, losses from the operation of a business or profession cannot be used to reduce wages from employment or other employment compensation, or against other business or professional income." Sandusky Admin. Code 191.04(f).
 {¶ 4} Appellant refused to pay the tax. He argued that the tax violated the Equal Protection Clauses of the Ohio Constitution and the Constitution of the United States. The Sandusky Municipal Court disagreed and granted judgment for appellee. It ordered appellant to pay the amount of taxes due as if appellant had not consolidated his four businesses' profits and losses.
 {¶ 5} From that judgment appellant brings the following assignments of error.
 {¶ 6} "I. The trial court erred in finding a city tax ordinance Constitutional when it clearly violates the Equal Protection Clauses of the United States Constitution and the Constitution of the State of Ohio.
 {¶ 7} "II. The trial court erred in finding that a recent tax law change merely indicates a new direction for tax law collection and not a correction of an unconstitutional policy."
 {¶ 8} Ohio municipalities have the power to levy and collect income taxes in the absence of preemption by the Ohio general assembly and subject to the power of the general assembly to limit the power of municipalities to levy taxes under Ohio Const. Art. XVIII, § 13, or Ohio Const. Art. XIII, § 6. Angell v.Toledo (1950), 153 Ohio St. 179, paragraph one of the syllabus. The state of Ohio recently preempted the power of municipalities to tax with the enactment of R.C. 718.06 in July 2000, which allows businesses to file a consolidated income tax return. The statute affects taxes filed after January 2003. It states, "[A]ny municipal corporation that imposes a tax on the income or net profits of corporation shall accept for filing a consolidated income tax return from any affiliated group of corporations subject to the municipal corporation's tax if that affiliated group filed for the same tax reporting period a consolidated return for federal income tax purposes pursuant to section 1501 of the Internal Revenue Code." R.C. 718.06. Therefore, if corporations are "affiliated" within the meaning of the Internal Revenue Code, the losses of one corporation can offset the profits of another affiliated corporation, thus reducing overall tax liability.
 {¶ 9} The new statute has no determinative effect in this case since appellant's 2001 tax filing is at issue. Appellant argues in his second assignment of error that the statute indicates an intention of the Ohio legislature to foreclose Equal Protection violations by municipalities. However, since the statute has no bearing on the determination of the issue at hand, it does not present a justiciable question. Although the trial court stated in its order that "[t]he recent tax law change indicates a new direction for tax law collection but it does not represent a correction of an unconstitutional policy," this statement is not an "order" or a "final judgment" which we may review pursuant to R.C. 2505.02. Therefore, "any opinion we would render on an issue which is not the subject of a final judgment would be, at best, advisory in nature. It is, of course, well settled that this court will not indulge in advisory opinions."City of North Canton v. Hutchinson (1996), 75 Ohio St.3d 112,114. Appellant essentially asks us to interpret a new statute to find legislative intent where the legislature's intent, as well as the statute, is irrelevant. Therefore, we must only consider appellant's first assignment of error. Appellant's second assignment of error is not well-taken.
 {¶ 10} In his first assignment of error, appellant argues that the Sandusky Administrative Code provision as applied to his circumstance violates the Equal Protection Clauses of the Ohio Constitution and the United States Constitution. "The standard for determining whether a statute or ordinance violates equal protection is essentially the same under the state and federal Constitutions. State v. Thompkins (1996), 75 Ohio St.3d 558,561, 1996 Ohio 264, 664 N.E.2d 926." Park Corp. v. City of BrookPark (2004), 102 Ohio St.3d 166, 169. Therefore, the Equal Protection Clauses of both the Ohio Constitution and the United States Constitution, as applied to taxation classifications, can be examined in conjunction.
 {¶ 11} States have broad power to classify for the purpose of taxation. Walters v. City of St. Louis (1954), 347 U.S. 231,236. Courts are particularly deferential to legislatures in reviewing taxation classifications, and courts will presume legislatures have acted within their constitutional power.McGowan v. Maryland (1961), 366 U.S. 420, 425. Unless a classification warrants heightened review because it jeopardizes a fundamental right or classifies on the basis of an inherently suspect characteristic, the Equal Protection Clause requires only that the classification rationally further a legitimate state interest. Cleburne v. Cleburne Living Center, Inc. (1985),473 U.S. 432, 439-441. This tax provision neither jeopardizes a fundamental right nor implicates an inherently suspect characteristic. Equal protection only requires of taxation classifications that they "rest on real and not feigned differences, that the distinctions have some relevance to the purpose for which the classification is made, and that the different treatments be not so disparate, relative to the difference in classification, as to be wholly arbitrary."Walters v. City of St. Louis (1954), 347 U.S. 231, 237. This deferential standard is "especially deferential" in the context of classifications arising out of complex taxation law.Nordlinger v. Hahn (1992), 505 U.S. 1, 11.
 {¶ 12} Appellee asserts the legitimate governmental purpose of generating and collecting tax revenue. Although that may be the purpose of tax codes in general, it does not articulate a purpose for a distinction in tax classifications. It is the classification, and the grant of a benefit to one class over another, for which appellee must articulate a legitimate purpose. See e.g., Huntington National Bank v. Lambach, Tax Commr
(1994), 71 Ohio St.3d 261 (higher tax imposed on banks with physical in-state locations rational because Ohio has responsibility to provide roads to in-state businesses and protect them from fire and theft); Roosevelt Properties Co. v.Kinney, Commr. (1984), 12 Ohio St.3d 7 (state's legitimate use of tax power to reduce tax burden on residential property owners to further economic policies provided rational basis). Without more, the proposition that a tax code's purpose in classifying is to collect taxes is tautological.
 {¶ 13} However, we need not find a rational basis for the classification. First, appellant must demonstrate that he is similarly situated to entities which are granted a benefit denied to him because of the classification. Equal protection in taxation only protects similarly situated entities from arbitrary classifications which result in disparate treatment. "All taxpayers similarly situated are entitled to equality of treatment under any Ohio tax law." Youngstown Sheet Tube Co.v. Youngstown (1951), 91 Ohio App. 431, 435. "[T]o be valid, taxation and other statutes must operate equally upon all persons of the same class; no discrimination or favoritism among them is permitted." Winslow-Spacarb, Inc. v. Evatt (1945),144 Ohio St. 471, 476. Therefore, in order for this court to review the provision for compliance with Equal Protection standards, appellant must demonstrate that he is similarly situated.
 {¶ 14} Appellant urges this court to apply the United States Supreme Court decision in Quaker City Co. v. Pennsylvania
(1929), 277 U.S. 389. In Quaker City, a state statute classified transportation businesses differently if they were incorporated or unincorporated, and burdened incorporated entities with a higher tax. Appellant argues that, as in QuakerCity, his tax burden is greater solely because he has chosen not to incorporate. However, before deciding whether the statute created an arbitrary tax classification, the Quaker City Court first found the classification taxed similarly situated businesses differently. The businesses differently taxed were similarly situated because their revenue was generated from the same source and they were engaged in the same enterprise (transportation of passengers). Thus, the statute in QuakerCity made distinctions that rested on the sole variable of corporate status.
 {¶ 15} However, Quaker City does not apply to these facts. Whether a business is incorporated or unincorporated is not the only variable in the Sandusky tax code provision. Appellee's code provision is more similar to the statute challenged on equal protection grounds in Walters v. City of St. Louis, supra. InWalters, the United States Supreme Court found that a Missouri tax statute did not violate equal protection when it levied a tax on the gross income of employed persons, but taxed only the net profits of self-employed persons and other business entities.Walters found that equal protection did not apply to the plaintiff taxpayer's situation because he, as an employed person, was not similarly situated to self-employed persons and business entities. In the Missouri tax statute, "varying taxes are not laid upon taxpayers engaged in precisely the same form of activity. Instead, this is a broad tax on income, and the income springs from many activities carried on by many types of business entities." 347 U.S. at 237. The Sandusky tax provision of which appellant complains classifies in the same manner, by broadly taxing income of all businesses separately without allowing losses to offset profits.
 {¶ 16} Appellant cannot show that he was denied a benefit granted to similarly situated entities. In fact, appellant complains that he and non-similarly situated entities are treated differently. Appellant argues that because separate businesses which incorporate under one, larger corporate umbrella form would be able to, in effect, "consolidate" their profits and losses for tax purposes, that one owner with several sole proprietorships should be able to do the same. That is, appellant would have been able to reap a tax benefit had his businesses been structured differently. Thus, his own argument demonstrates that he is not similarly situated. The manner in which appellant was taxed is the direct result of appellant's choice to so structure his businesses. "A taxpayer is free to adopt such organization for his affairs as he may choose and having elected to do some business as a corporation, he must accept the tax disadvantages." Higgins v. Smith (1940), 308 U.S. 473, 477. The same principle applies where appellant elected to structure his businesses as sole proprietorships. Therefore, it is not necessary for us to review appellee's tax provision.
 {¶ 17} Because appellant cannot claim that he is similarly situated to entities which are granted a benefit denied to him under appellee's tax provision, appellant's first assignment of error is not well-taken. Upon consideration whereof, the judgment of the Sandusky Municipal Court is affirmed. Costs to appellant pursuant to App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Singer, J., Concur.