ROSENBAUM v DEPARTMENT OF TREASURY

1. TAXATION—STATUTES—INCOME TAXES—PROPERTY TAX CREDITS—
   TAX COMPUTATION—TAX LIABILITY—HOUSEHOLD INCOME—PROP-
   ERTY TAX.

   The actual property tax credit which results from application of
   the property tax credit provision of the Income Tax Act of 1967
   is a result of two independent variables and once having
   computed the credit it is allowed against tax liability without
   regard to the amount of a taxpayer's income; the actual credit
   allowed depends on both household income and the taxpayer's
   property tax liability (MCLA 206.522; MSA 7.557[1522]).

2. TAXATION—PROPERTY TAX CREDITS—COMPUTATION OF TAX CREDITS
   —TAXPAYERS INCOME—TAX RATE OR BASE.

   The property tax credit once computed is allowed without regard
   to the taxpayer's income and therefore does not create either
   directly or indirectly a tax graduated as to rate or base.

3. APPEAL AND ERROR—CONSTITUTIONAL LAW—CONSTITUTIONAL DECI-
   SION—UNNECESSARY DECISIONS—STATUTES.

   The constitutionality of a statute will not be passed upon by the
   Court of Appeals if the case may be otherwise decided.

Appeal from Ingham, Thomas L. Brown, J. Sub-
mitted June 9, 1977, at Lansing. (Docket No.
30894.) Decided August 9, 1977. Leave to appeal
denied, 402 Mich —.

Complaint by Henry J. Rosenbaum and Susan F.
Rosenbaum against the Department of Treasury,
Revenue Division, seeking to have the property
and sales tax credit provisions of the Income Tax
Act of 1967 declared unconstitutional. Summary

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 71 Am Jur 2d, State and Local Taxation § 551.
[3] 5 Am Jur 2d, Appeal and Error §§ 873, 874.

judgment for defendant. Plaintiffs appeal. Affirmed.

*Polasky, Meisel, Rosenbaum & Meyer,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch* and *John W. Jackson, Jr.,* Assistants Attorney General, for defendant.

Before: DANHOF, C. J., and T. M. BURNS and A. E. KEYES,* JJ.

DANHOF, C. J. Plaintiffs brought an action in the Ingham County Circuit Court seeking to have two provisions of the Income Tax Act of 1967, the property tax credit, MCLA 206.522(1)(a); MSA 7.557(1522)(1)(a), and the sales tax credit, MCLA 206.523(1)(a); MSA 7.557(1523)(1), declared unconstitutional. Plaintiffs contend that they were improperly denied credits totaling approximately $500 against their 1974 income tax liability. The circuit court granted defendant's motion for summary judgment on September 28, 1976.

On appeal plaintiffs make essentially the same arguments presented to the court below. Their contention is that the contested provisions of the tax law indirectly create a graduated income tax which violates Const 1963, art 9, § 7, which reads:

"No income tax graduated as to rate or base shall be imposed by the state or any of its subdivisions."

Plaintiffs further contend that the tax provisions violate the uniformity requirement of Const 1963, art 9, § 3, which reads in part:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"Every tax other than the general ad valorem property tax shall be uniform upon the class or classes on which it operates."

Plaintiffs also argue that the tax provisions violate the equal protection guarantees of both the Michigan and United States Constitutions.

I

The property tax credit provision, MCLA 206.522; MSA 7.557(1522) reads in relevant part:

"(1) The amount of a claim made pursuant to this chapter shall be determined as follows:

"(a) A claimant, other than a senior citizen, a paraplegic, quadriplegic, totally and permanently disabled person, eligible serviceman, eligible veteran, eligible widow, or blind, shall be entitled to a credit against the state income tax liability equal to 60% of the amount by which the property taxes on the homestead, or the credit for rental of the homestead for the taxable year exceed 3.5% of the claimant's total household income for that taxable year."

It is the 3.5% of household income limitation which the plaintiffs contend has the impermissible effect of a graduated rate. Plaintiffs are correct only if it is assumed that every taxpayer's property tax liability is the same. The actual property tax credit which results from application of the statute is a result of two independent variables. Once having computed the credit it is allowed against tax liability without regard to the amount of a taxpayer's income. Plaintiffs' contention that:

"The formula, * * * acts * * * to give lower credits to otherwise qualified taxpayers solely because they have higher income."

is not correct because the actual credit allowed depends on both household income and the taxpayer's property tax liability. Manipulation of the variables can yield results which do or do not appear to create a graduated rate depending on the assumptions used. We could by arbitrary manipulation make the credits vary only ,with changes in household income as the plaintiffs have done in their brief, but that clearly is not the necessary result of the statute.

In *Kuhn v Department of Treasury,* 15 Mich App 364, 371; 166 NW2d 697 (1968); *aff'd as modified,* 384 Mich 378; 183 NW2d 796 (1971), Judge, now Justice, LEVIN wrote:

"The classification of taxpayers into 3 principal categories, *i.e.,* individuals, corporations and financial institutions, not being based on their respective incomes, does not violate article 9, § 7. The rates of tax imposed by the income tax act are uniformly applicable to all taxable income of every taxpayer in each class.

"The credits for property and income taxes are allowed against the tax liability of all taxpayers without regard to their income. The limitations upon the amounts of credits that may be claimed by a taxpayer are not based upon the taxpayer's income; the effect is not to impose a tax violative of the constitutional prohibition against a tax graduated as to rate or base."

The property tax credits referred to in *Kuhn* did not contain the household income provision attacked here. The income tax credit upheld in *Kuhn,* however, is essentially the same as the present provision. An analysis of that provision sheds light on the proper application of *Kuhn* to the provisions at issue here. The city income tax credit provision, MCLA 206.257; MSA 7.557(1257), permits a taxpayer to claim a credit for city income tax liability on a sliding scale with a maxi-

mum limit. Since the city income tax paid varies with the taxpayer's income one could argue that the sliding scale credit has an impermissible effect of imposing a graduated tax rate. Both the Court of Appeals and the Supreme Court in their *Kuhn* opinions found the city income tax credit unobjectionable. Therefore, *Kuhn* cannot mean that tax credits may bear no relation to income. The city income tax credit will often bear a graduated relation to income, but once the credit is computed it is allowed as a credit without regard to a taxpayer's income. The same is true for the property tax credit. The amount of the property tax credit is not based solely upon the taxpayer's income, but rather upon the two independent variables of household income and property tax. Once the credit is computed it is allowed without regard to the taxpayer's income. Therefore, it does not create either directly or indirectly a graduated tax rate or base. The logic of the *Kuhn* opinion requires the finding that the property tax credit provision does not violate Const 1963, art 9, § 7.

In the Supreme Court's opinion in *Kuhn* at 389 it was stated:

"Undoubtedly what the drafters and adopters of that provision in the 1963 Michigan Constitution had in mind was the graduated scheme of the Federal income tax in which rates increase as taxable income does, and that power they wished to deny to the state. Neither the designation of three types of taxpayers with different applicable rates to each, nor the difference in exemptions or exclusions causes this Act to run amiss of that wish and does not violate art 9, § 7. The rates of tax imposed by the Act are uniformly applicable to all taxable income of every taxpayer in each class.

\* \* \*

"By the same token, they are not violative of the equal protection clauses of the Fourteenth Amendment

to the Constitution of the United States and of the Michigan Constitution of 1963, art 1, § 2."

We find that the present property tax credit provision is no less uniform, reasonable or equally applied, and therefore does not violate the uniformity or equal protection requirements of the Michigan and United States Constitutions. Plaintiffs here have failed to overcome the presumption of constitutional validity inherent in this statutory provision. *Manistee Bank & Trust Co v McGowan,* 394 Mich 655, 667; 232 NW2d 636 (1975).

## II

Plaintiffs received no credit under the sales tax credit provision because their household income was greater than $15,000. They argue that they are entitled to the maximum credit of $10 per dependent granted to taxpayers with a household income of not more than $5,000. The sales tax credit provision grants progressively smaller credits in five steps as the taxpayer's household income increases from $5,000 to $15,000. The sales tax credit provision is not written in a manner which would allow us to sever merely a portion of it. MCLA 8.5; MSA 2.216. It must stand or fall as a whole. If we were to declare the entire provision void the result would be that plaintiffs would still not be entitled to any sales tax credit. If the statute is valid these plaintiffs are not entitled to a sales tax credit because of their household income level. If the provision is invalid plaintiffs can receive no credits under it. Therefore, invalidating the section would afford these plaintiffs no relief. We note that Const 1963, art 9, § 8 makes the sales tax credit provision inoperative. Under these circumstances it is unnecessary to pass upon the

constitutionality of the sales tax credit, MCLA 206.523; MSA 7.557(1523), and we therefore decline to do so. *Roberts v State of Michigan,* 45 Mich App 252, 254; 206 NW2d 466 (1973).

Affirmed. No costs, a public question.