## BUTCHER v DEPARTMENT OF TREASURY

Docket No. 74293. Submitted March 13, 1984, at Detroit.—Decided October 18, 1984. Leave to appeal granted, 422 Mich —.

Plaintiffs, Robert E. and Gladys K. Butcher, brought an action against the Department of Treasury, alleging that a portion of the property tax credit provision of the Income Tax Act of 1967 was unconstitutional. The Wayne Circuit Court, Thomas J. Brennan, J., granted plaintiffs' motion for summary judgment, holding that the provision violated Const 1963, art 9, § 7 in that it created a graduated income tax rate on taxpayers within a specified income range, $65,000 to $74,000 in the year in question, by reducing the credit by 10% for each $1,000 of household income over $65,000, until no credit was available for taxpayers whose income was in excess of $74,000. Defendant appealed. *Held:*

1. Although the property tax credit is allowed with regard to a taxpayer's income, it is not violative of the prohibition against a graduated income tax rate. The tax credit formula does not affect the fixed flat rate income tax liability imposed upon the taxpayers. Rather, the tax credit provision creates a property tax rebate program, which is administered by means of the tax credit against income tax.

2. Furthermore, the property tax credit does not rely solely upon a taxpayer's income, but is dependent upon whether the taxpayer has paid any property taxes and upon the amount of those property taxes.

Reversed.

V. J. Brennan, J., dissented. He would hold that the graduated tax credit reduction is unconstitutional because the credits are not allowed against the tax liability of all taxpayers without regard to income and is not automatically applied. The tax credit formula has the effect of progressively increasing actual tax liability, at least for those taxpayers whose incomes are within the specified range. He would affirm the grant of summary judgment.

References for Points in Headnotes
[1] 16 Am Jur 2d, Constitutional Law § 212 *et seq.*
[2, 3] 71 Am Jur 2d, State and Local Taxation § 469.

OPINION OF THE COURT

1. CONSTITUTIONAL LAW — STATUTES — JUDICIAL CONSTRUCTION.

   A statute will not be found to be unconstitutional unless it is plain that it violates some provisions of the constitution; the constitutionality of the act will be supported by all possible presumptions not clearly inconsistent with the language and the subject matter, while construing the constitutional language within its common understanding.

2. TAXATION — PROPERTY TAX — TAX CREDITS — GRADUATED INCOME TAX — CONSTITUTIONAL LAW.

   The property tax credit incremental reduction formula applicable to taxpayers with incomes above specified levels does not affect the fixed flat rate income tax liability of those taxpayers and therefore does not violate the constitutional prohibition against a graduated income tax (Const 1963, art 9, § 7; MCL 206.520[8]; MSA 7.557[1520][8]).

DISSENT BY V. J. BRENNAN, J.

3. TAXATION — PROPERTY TAX — TAX CREDITS — GRADUATED INCOME TAX — CONSTITUTIONAL LAW.

   *The property tax credit incremental reduction formula applicable to taxpayers with incomes above specified levels violates the constitutional prohibition against a graduated income tax because the effect of the formula is to progressively increase actual tax liability for those taxpayers affected (Const 1963, art 9, § 7, MCL 206.520[8]; MSA 7.557[1520][8]).*

*Robert E. Butcher,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch,* Assistant Attorney General, for defendant.

Before: HOOD, P.J., and V. J. BRENNAN and P. E. DEEGAN,* JJ.

PER CURIAM. The Department of Treasury appeals as of right from the trial court's October 7, 1983, order and judgment granting plaintiffs' motion for summary judgment.

* Circuit judge, sitting on the Court of Appeals by assignment.

1982 PA 269 amended § 520 of the Income Tax Act of 1967, MCL 206.520; MSA 7.557(1520).[1] Section 520 provides for a property tax credit against state income tax owed by taxpayers. The amendment created a credit reduction formula which decreased the property tax credit by 10% for persons with an adjusted household income of over $65,000 per year and by an additional 10% for each increment of $1,000 in additional household income until the allowable property tax credit is reduced to zero for those taxpayers with household incomes in excess of $74,000.[2]

Plaintiffs filed this suit alleging that they earned a taxable income in excess of $65,000 in 1982 and were affected by the credit reduction formula mandated by 1982 PA 269. Plaintiffs alleged that 1982 PA 269 was unconstitutional because the property tax credit reduction formula violated Const 1963, art 9, §§ 3 and 7 on the basis of due process, and the title-object clause of Const 1963, art 4, § 24.

The parties brought opposing motions for summary judgment. The trial court granted plaintiffs' motion finding that 1982 PA 269 was unconstitutional because it violated Const 1963, art 9, § 7. The trial court also certified plaintiffs' action as a class action and ordered defendant to insert a notice of this class action with 1983 individual

---

[1] "(8) For tax years commencing after December 31, 1981, a credit under this section shall be reduced by 10% for each claimant whose household income exceeds $65,000.00, as adjusted pursuant to this section, and by an additional 10% for each increment of $1,000.00 of household income in excess of $65,000.00 or the adjusted base level."

[2] The $65,001 to $74,000 figures are not fixed. Also in § 520(8) of the Income Tax Act is a formula which adjusts those base levels to reflect the effects of inflation. Thus, in 1983, the incremental reduction of the property tax credit mandated by § 520(8) affects householders with adjusted gross incomes exceeding $68,500. Households with incomes over $77,500 in 1983 could not receive any property tax credit. See the 1983 State of Michigan instructions for filing individual income taxes and general homestead property tax credits.

income tax forms, instructional brochures, booklets and notices.

On October 25, 1983, this Court granted defendant's motions for a stay of proceedings and immediate consideration. The only issue defendant raises in this appeal is whether 1982 PA 269 violates Const 1963, art 9, § 7. We decide that it does not, and reverse.

Const 1963, art 9, § 7 provides:

"No income tax graduated as to rate or base shall be imposed by the state or any of its subdivisions."

The plaintiffs argue that the incremental property tax credit reduction formula mandated by 1982 PA 269 indirectly imposes a graduated income tax rate on taxpayers with annual adjusted household incomes between $65,000 and $74,000. We disagree.

The Court will not declare a statute unconstituional, or affirm a trial court's finding of such unconstitutionality, "unless it is plain that it violates some provisions of the Constitution and the constitutionality of the act will be supported by all possible presumptions not clearly inconsistent with the language and the subject matter". *Oakland County Taxpayers' League v Oakland County Supervisors,* 355 Mich 305, 323; 94 NW2d 875 (1959). In addition to the presumption of constitutionality given to statutes, courts construe constitutional language within its "common understanding". To do so, courts must consider the circumstances surrounding the adoption of the constitutional provision at issue as well as the purpose of the provision. *Traverse City School Dist v Attorney General,* 384 Mich 390, 405-406; 185 NW2d 9 (1971).

In *Kuhn v Dep't of Treasury,* 15 Mich App 364;

166 NW2d 697 (1968), *aff'd as modified* 384 Mich 378; 183 NW2d 796 (1971), plaintiffs attacked the constitutionality of the Income Tax Act of 1967, alleging that its classification of taxpayers into three categories and its sliding scale of credit for city income and property taxes violdated Const 1963, art 9, § 7. The Court disagreed, and stated:

"Undoubtedly what the drafters and adopters of that provision in the 1963 Michigan Constitution had in mind was the graduated scheme of the federal income tax in which rates increase as taxable income does, and that power they wished to deny to the state. Neither the designation of three types of taxpayers with different applicable rates to each, nor the difference in exemptions or exclusions causes this act to run amiss of that wish and does not violate art 9, § 7. The rates of tax imposed by the act are uniformly applicable to all taxable income of every taxpayer in each class." *Kuhn, supra,* 384 Mich 389.

This Court said the common understanding of art 9, § 7 was a constitutional prohibition "of a so-called 'piggyback' income tax, *i.e.,* one based on a taxpayer's federal tax liability". *Kuhn v Dep't of Treasury,* 15 Mich App 370.

In *Rosenbaum v Dep't of Treasury,* 77 Mich App 332; 258 NW2d 216 (1977), *lv den* 402 Mich 826 (1977), the plaintiffs similarly challenged the constitutionality of the property tax credit computation formula. That formula allows a credit against state income tax liability equal to 60% of the amount by which property taxes on a homestead in a taxable year exceed 3.5% of the claimant's total annual household income. MCL 206.522; MSA 7.557(1522). Plaintiffs in *Rosenbaum* argued that the formual indirectly caused a graduated income tax rate because otherwise qualified taxpayers were denied the credit solely because their

incomes were higher, or they were "out of formula". This Court rejected the argument and stated:

"The city income tax credit provision, MCL 206.257; MSA 7.557(1257), permits a taxpayer to claim a credit for city income tax liability on a sliding scale with a maximum limit. Since the city income tax paid varies with the taxpayer's income one could argue that the sliding scale credit has an impermissible effect of imposing a graduated tax rate. Both the Court of Appeals and the Supreme Court in their *Kuhn* opinions found the city income tax credit unobjectionable. Therefore, *Kuhn* cannot mean that tax credits may bear no relation to income. The city income tax credit will often bear a graduated relation to income, but once the credit is computed it is allowed as a credit without regard to a taxpayer's income. The same is true for the property tax credit. The amount of the property tax credit is not based solely upon the taxpayer's income, but rather upon the two independent variables of household income and property tax. Once the credit is computed it is allowed without regard to the taxpayer's income. Therefore, it does not create either directly or indirectly a graduated tax rate or base. The logic of the *Kuhn* opinion requires the finding that the property tax credit provision does not violate Const 1963, art 9, § 7." *Rosenbaum,* pp 335-336.

In this case, plaintiffs argue that 1982 PA 269 does violate Const 1963, art 9, § 7 because once the property credit is computed, it is allowed as a credit for taxpayers with adjusted household incomes over $65,000 on a declining sliding scale *with regard to income.*

While it is true that the property tax credit is allowed against income tax liability *with* regard to a taxpayer's taxable income, we still find no constitutional violation. The dispositive question is whether the credit at issue indirectly creates a progressive or graduated *income tax rate.*

The § 520(8) property tax credit incremental reduction formula does not affect the fixed flat rate income tax liability imposed upon taxpayers with adjusted household incomes over $65,000. Their income tax liability remains the same. The only tax liability the § 520(8) formula affects, either directly or indirectly, is the property tax liability on their homestead. We reach this conclusion after carefully considering the nature of the property tax credit.

The property tax credit provisions of the income tax act create a property tax *rebate* program. That program is primarily designed to relate local property taxes to income or to the ability to pay those taxes rather than to the actual value of the property so taxed. The major recipients of this property tax rebate program are senior citizens, veterans, the blind and disabled, and the low-incomed. See, MCL 206.522; MSA 2.557(1522).

Those eligible for this property tax rebate under the formula, MCL 206.522; MSA 7.557(1522), *Rosenbaum, supra,* may receive the rebate in the form of an income tax credit. Indeed, a property taxpayer may file for this property tax rebate and receive such a rebate even if the computed rebate exceeds the amount of income taxes the property taxpayer might owe or even if the property taxpayer has no state income tax liability whatsoever. MCL 206.520(3); MSA 7.557(1520)(3). The essence, then, the property tax credit is a convenient and practical means for the state to administer this property tax rebate program.

Furthermore, as was discussed in *Rosenbaum,* whether an income taxpayer in the $65,001 to $74,000 range receives a property tax credit at all depends upon (1) whether that taxpayer had indeed paid any property taxes, and (2) whether that income taxpayer is eligible for a credit by having

paid more than $2,275 in property taxes on his or her primary residence in the tax year. Thus, income taxpayers with household incomes between $65,001 and $74,000 may not be eligible for any property tax rebate whatsoever regardless of the application of § 520(8). However, all income taxpayers in that bracket still owe income taxes on their adjusted incomes based upon the same flat rate; the same rate that applies to all personal income taxpayers in this state regardless of the amount of their adjusted incomes.

Therefore, 1982 PA 269 does not violate Const 1963, art 9, § 7.

Reversed.

V. J. BRENNAN, J. *(dissenting)*. I respectfully dissent.

The plaintiffs' position is that 1982 PA 269 contravenes Const 1963, art 9, § 7, in that it indirectly establishes a graduated income tax on that level of annual income between $65,000 and $75,000.

MCL 206.520(8); MSA 7.557(1520)(8) provides in pertinent part:

"(8) For tax years commencing after December 31, 1981, a credit under this section shall be reduced by 10% for each claimant whose household income exceeds $65,000.00, as adjusted pursuant to this section, and by an additional 10% for each increment of $1,000.00 of household income in excess of $65,000.00 or the adjusted base level."

MCL 206.522(8); MSA 7.557(1522)(8) states that for any taxable period after January 1, 1976, the total credit allowed "shall not exceed $1,200.00 per year". The actual calculation of the credit is not at issue here. It is the "credit reduction" formula of § 520(8) that is challenged. Plaintiffs claim, and

the lower court held, that these provisions effectively impose a graduated income tax upon incomes between $65,000 and $75,000. This position is based on language from *Kuhn v Dep't of Treasury,* 384 Mich 378; 183 NW2d 796 (1971), and *Rosenbaum v Dep't of Treasury,* 77 Mich App 332; 258 NW2d 216 (1977), *lv den* 402 Mich 826 (1977).

In *Kuhn,* the plaintiffs attacked the act's (the Michigan Income Tax Act of 1967, MCL 206.1 *et seq.;* MSA 7.557(101) *et seq.)* classification of taxpayers into three categories and its sliding scale of credits for city income and property taxes. In particular, plaintiffs claimed that the sliding scale of credits violated Const 1963, art 9, § 7. The Supreme Court held as follows:

"As the Court of Appeals said, that prohibition applies only to different rates of tax on different segments of taxable income of the person being taxed. It does not prohibit the exclusion or exemption from the definition of taxable income of a portion of the taxed person's receipts. Undoubtedly what the drafters and adopters of that provision in the 1963 Michigan Constitution had in mind was the graduated scheme of the federal income tax in which rates increase as taxable income does, and that power they wished to deny to the state. Neither the designation of three types of taxpayers with different applicable rates to each, nor the difference in exemptions or exclusions causes this act to run amiss of that wish and does not violate art 9, § 7. The rates of tax imposed by the act are uniformly applicable to all taxable income of every taxpayer in each class. As the Court of Appeals said:

" *'The credits for property and income taxes are allowed against the tax liability of all taxpayers without regard to their income. The limitations upon the amounts of credits that may be claimed by a taxpayer are not based upon the taxpayer's income;* the effect is not to impose a tax violative of the constitutional prohibition against a tax graduated as to rate or base.'

*(Kuhn v Dep't of Treasury,* [15 Mich App 364, 371 (1968)]". (Emphasis added.) 384 Mich 388-389.

The *Rosenbaum* Court was confronted with a similar challenge that the credit computation, which provided for a property tax credit equal to 60% of the amount that property taxes incurred exceeded 3.5% of the taxpayer's "household income", was unconstitutional because it acted to give lower credits to otherwise qualified taxpayers solely on the basis that their incomes were higher. This Court first noted:

"It is the 3.5% of household income limitation which the plaintiffs contend has the impermissible effect of a graduated rate. *Plaintiffs are correct only if it is assumed that every taxpayer's property tax liability is the same. The actual property tax credit which results from application of the statute is a result of two independent variables. Once having computed the credit it is allowed against tax liability without regard to the amount of a taxpayer's income.* Plaintiffs' contention * * * is not correct because the actual credit allowed depends on both household income and the taxpayer's property tax liability. *Manipulation of the variables can yield results which do or do not appear to create a graduated rate depending on the assumptions used.* We could by arbitrary manipulation make the credits vary only with changes in household income as the plaintiffs have done in their brief, but that clearly is not the necessary result of the statute." (Emphasis added.) 77 Mich App 334-335.

After quoting the relevant language in *Kuhn, supra,* the *Rosenbaum* Court noted that, while the property tax credit scheme upheld in *Kuhn* did not contain a "household income" provision, the city income tax credit that was upheld did have such a provision. Analogizing the property tax credit based on household income to the city income tax credit, this Court stated:

"The city income tax credit provision, MCL 206.257; MSA 7.557(1257), permits a taxpayer to claim a credit for city income tax liability on a sliding scale with a maximum limit. Since the city income tax paid varies with the taxpayer's income one could argue that the sliding scale credit has an impermissible effect of imposing a graduated tax rate. Both the Court of Appeals and the Supreme Court in their *Kuhn* opinions found the city income tax credit unobjectionable. *Therefore, Kuhn cannot mean that tax credits may bear no relation to income. The city income tax credit will often bear a graduated relation to income, but once the credit is computed it is allowed as a credit without regard to a taxpayer's income.* The same is true for the property tax credit. The amount of the property tax credit is not based solely upon the taxpayer's income, but rather upon the two independent variables of household income and property tax. *Once the credit is computed it is allowed without regard to the taxpayer's income.* Therefore, it does not create either directly or indirectly a graduated tax rate or base. The logic of the *Kuhn* opinion requires the finding that the property tax credit provision does not violate Const 1963, art 9, § 7." (Emphasis added.) 77 Mich App 335-336.

In my opinion, the above quoted language from *Rosenbaum* and *Kuhn* suggests that the credit reduction of 1982 PA 269 is unconstitutional in that the credits are *not* "allowed against the tax liability of all taxpayers without regard to their income" and "once the credit is computed" it is *not* automatically applied. Thus, these cases indicate that the actual *computation of the credit* may involve a formula that incorpoarates a graduated scheme but that the actual *application of the credit,* once computed, may not.

With an eye toward the presumption of constitutionality and the "common understanding" rule, the lower court relied upon the language in *Kuhn* and *Rosenbaum* and found that the effect and the language of 1982 PA 269 was contrary to Const

1963, art 9, § 7. I agree with the trial court's determination. In my opinion, Const 1963, art 9, § 7, prohibits regressive tax credits which have the natural effect of progressively increasing actual tax liability (at least for taxpayers with incomes between $65,000 and $75,000). Therefore, the effect and language of 1982 PA 269 contravenes the constitutional prohibitions of imposing an income tax graduated as to rate or base.

I would affirm.