BUTCHER v DEPARTMENT OF TREASURY

Docket No. 75282. Argued December 18, 1985 (Calendar No. 12).
Decided June 27, 1986. Rehearing denied 426 Mich 1201. Appeal dismissed by the Supreme Court of the United States on January 12, 1987, 93 L Ed 2d 821.

Robert E. Butcher and Gladys K. Butcher brought an action in the Wayne Circuit Court against the Department of Treasury, Revenue Division, the State Treasurer, and the Commissioner of Revenue, seeking a declaration that the 1982 amendment of the Income Tax Act which provided for reduction of local property tax credits is violative of the constitutional prohibition against a graduated income tax. The court, Thomas J. Brennan, J., granted summary judgment for the plaintiffs, holding that, while not facially violative of the constitution, the amendment indirectly violates Const 1963, art 9, § 7 and has the effect of creating a graduated income tax. The court additionally certified the case as a class action, and entered an order declaring the amendment unconstitutional. The Court of Appeals, Hood, P.J., and Deegan, J. (V. J. Brennan, J., dissenting), reversed in an opinion per curiam (Docket No. 74293). The plaintiffs appeal.

In an opinion by Justice Brickley, joined by Chief Justice Williams and Justices Levin, Cavanagh, Boyle, and Riley, the Supreme Court held:

The provision for an income-graduated reduction of local property tax credits does not conflict with the constitutional prohibition against a graduated income tax because the property tax credit is payable to the property taxpayer irrespective of state income tax liability.

1. The constitutional prohibition against an income tax graduated as to rate or base applies only to different rates of tax on different segments of a person's taxable income. It does not prohibit the exclusion · or exemption from the definition of taxable income of a portion of a taxed person's receipts. Nor

REFERENCES

Am Jur 2d, State and Local Taxation §§ 443 et seq.
See the annotations in the ALR3d/4th Quick Index under Income Taxes; Taxes; Taxpayers.

does it prohibit classification of taxpayers or the imposition upon one class of taxpayers of a rate different than that imposed upon another.

2. Section 520 of the Income Tax Act permits a credit for property taxes paid on a homestead equal to sixty percent of the amount that a taxpayer's property tax exceeds 3.5 percent of total household income for a given tax year. The amendment in question provides that a claimant is subject to a ten percent credit reduction where total household income exceeds $65,000, and an additional ten percent reduction for each increment of $1,000 in excess of $65,000. The property tax credit incremental reduction formula does not affect the fixed flat rate income tax liability imposed upon taxpayers with adjusted household incomes over $65,000. Their income tax liability remains the same. The only tax liability that the formula affects, either directly or indirectly, is the property tax liability on their homestead.

3. The property tax credit provisions create a tax rebate program designed primarily to relate local property taxes to income or to the ability to pay those taxes, rather than to the actual value of the property taxed. Those eligible for the tax rebate may receive the rebate in the form of an income tax credit, even if the computed rebate exceeds the amount of income taxes the property taxpayer might owe or if the property taxpayer has no state income tax liability. The property tax credit is a convenient and practical means for the state to administer the property tax rebate program.

4. The property tax credit, which the formula reduces for some taxpayers on the basis of their income, is in effect a property tax rebate that employs the income tax as a vehicle for its reconciliation. Thus, Const 1963, art 9, § 7, which concerns only income tax, is inapplicable to what is clearly a property tax rebate.

Affirmed.

Justice ARCHER took no part in the decision of this case.

141 Mich App 116; 366 NW2d 15 (1984) affirmed.

1. TAXATION — CONSTITUTIONAL LAW — INCOME TAX — PROPERTY
   TAX CREDIT.
   The provision in the Income Tax Act for an income-graduated reduction of local property tax credits does not conflict with the constitutional prohibition against a graduated income tax because the property tax credit is payable to the property taxpayer irrespective of state income tax liability (Const 1963, art 9, § 7; MCL 206.520[8]; MSA 7.557[1520][8]).

2. TAXATION — CONSTITUTIONAL LAW — INCOME TAX.

> The constitutional prohibition against an income tax graduated as to rate or base applies only to different rates of tax on different segments of a person's taxable income; it does not prohibit the exclusion or exemption from the definition of taxable income of a portion of a taxed person's receipts; nor does it prohibit classification of taxpayers or the imposition upon one class of taxpayers of a rate different than that imposed upon another (Const 1963, art 9, § 7).

*Robert E. Butcher* for the plaintiffs and the class.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Russell E. Prins,* Assistant Attorneys General, for the defendants.

BRICKLEY, J. The question in this case is whether a 1982 amendment of § 520 of the Income Tax Act, MCL 206.1 *et seq.;* MSA 7.557(101) *et seq.,* providing that the already existing local property tax credit shall be reduced by ten percent for each thousand dollars of household income in excess of $65,000, is violative of Const 1963, art 9, § 7, which prohibits an income tax graduated as to rate or base. We hold that, because the property tax credit is payable to the property taxpayer irrespective of state income tax liability, an income-graduated reduction in that credit does not conflict with the constitutional prohibition against a graduated income tax. We therefore affirm the decision of the Court of Appeals.

I

Section 520 of the Income Tax Act allows a credit for property taxes paid on a homestead. The amount of the credit is equal to sixty percent of the amount by which the taxpayers' property tax

exceeds 3.5 percent of their total household income for any given tax year.

In 1982, the Legislature enacted 1982 PA 269, which added the following section to MCL 206.520; MSA 7.557(1520):

> For tax years commencing after December 31, 1981, a credit under this section shall be reduced by 10% for each claimant whose household income exceeds $65,000.00, as adjusted pursuant to this section, and by an additional 10% for each increment of $1,000.00 of household income in excess of $65,000.00 or the adjusted base level. For each tax year commencing after December 31, 1982, the $65,000.00 base level of household income subjecting a claimant to a 10% credit reduction and from which additional reductions are measured shall be adjusted annually by the average annual percentage increase in the implicit price deflator for the gross national product, as reported by the bureau of economic analysis, United States department of commerce, for the previous 12-month period ending March 31. This adjustment shall be made by multiplying the percentage amount computed above, which shall not be less than zero, by the base household income level for the prior tax year. The resultant product shall be added to the base household income level for the prior tax year and then rounded down to the nearest multiple of $25.00, which shall be the new base household income level for the then current tax year.[1]

Plaintiffs are husband and wife whose combined

---

[1] On December 19, 1985, the Legislature, by 1985 PA 187, amended this section in order to keep the property tax credit reduction scheme in effect. Section 8 now reads:

> For tax years commencing after December 31, 1984, a credit under subsection (1) or (2) shall be reduced by 10% for each claimant whose household income exceeds $73,650.00, and by an additional 10% for each increment of $1,000.00 of household income in excess of $73,650.00.

household income exceeded $65,000. They filed suit in Wayne Circuit Court on April 19, 1983, seeking: (1) certification of the case as a class action; (2) a declaration that 1982 PA 269 was unconstitutional; (3) an injunction preventing the state from enforcing the property tax credit reduction statute; (4) accounting and repayment of all sums collected pursuant to the unconstitutional statute; (5) a statement informing potential class members of their right to a refund in future income tax forms; and (6) reasonable attorney fees.

Both parties moved for summary judgment. In an opinion dated August 24, 1983, Wayne Circuit Judge Thomas J. Brennan granted plaintiffs' motion, holding, inter alia:

> While not facially violative of the Michigan Constitution, the 1982 Amendment to § 520 of the Income Tax Act of 1967, must be struck down as it indirectly violates Article 9, Section 7 of the Constitution. This Amendment has the effect of creating a graduated income tax which is proscribed by the Constitution. The reduction uses the variable of income alone in its formulation and its nexus to income is derived after the tax credit has been completed. As such, it effectively imposes a graduated income tax and therefore, must be deemed unconstitutional.

An order declaring the statute unconstitutional was entered on October 7, 1983; on the same day, the suit was certified as a class action.

The order included within the class all persons

> (a) Who are entitled to claim a property tax credit under the provisions of Section 522 of the Income Tax Act of 1967, as amended, MCLA 206.522 [MSA 7.557(1522)], and
> (b) who had household income in excess of $65,000

as defined by the Income Tax Act of 1967, as amended, for the calendar year 1982, and

(c) who were denied either full or partial allowance of the property tax credit computed under the provisions of said Section 522, because of the enactment and enforcement of 1982 PA 269(8) [sic], being MCLA 206.520(8) [MSA 7.557(1520)(8)].

The Court of Appeals granted both immediate consideration and a stay of proceedings pending its decision. In a published per curiam opinion, it reversed the trial court's grant of summary judgment and upheld the constitutionality of the statute. 141 Mich App 116; 366 NW2d 15 (1984). Judge Vincent J. Brennan dissented, expressing his agreement with the analysis of the trial judge. This Court granted leave to appeal on June 26, 1985, 422 Mich 937.

II

Const 1963, art 9, § 7 provides:

No income tax graduated as to rate or base shall be imposed by the state or any of its subdivisions.

This section, adopted as part of the Michigan Constitution of 1963, was the subject of a good deal of debate during the Constitutional Convention; the official comment of the convention states:

This is a new section making it clear that neither the state nor any local unit of government may impose a graduated income tax. The words "or base" are necessary to prevent "piggyback" taxation based on the federal tax liability. Without such language, a tax nominally imposed at a flat rate might actually adopt all of the graduation of the federal tax.

A flat rate income tax is clearly permitted, and

could be imposed on a "piggyback" basis on income computed for federal tax purposes. The Legislature could prescribe reasonable exemptions for a flat rate tax. [2 Official Record, Constitutional Convention 1961, p 3399.]

Plaintiffs argue that the property tax credit reduction scheme contained in MCL 206.520(8); MSA 7.557(1520)(8) violates Const 1963, art 9, § 7 because it has the indirect effect of imposing a greater tax liability on persons with annual household income in excess of $65,000. Because the result of a reduction of the property tax credit is to decrease the amount of a refund or to increase the liability, depending upon other credits, reductions, and exemptions, plaintiffs contend that the statute indirectly imposes an income tax graduated as to rate because the higher the income, the less property tax credit received.

Defendants counter by arguing that plaintiffs are confusing two unrelated concepts, namely, income tax liability and property tax benefits. They are unrelated both because they deal with two different types of taxes, and because the liability for taxes or entitlement to a property tax credit are completely independent of each other. Reduced to its simplest terms, defendants' argument is that, since the property tax credit scheme is not a tax, the reduction of that credit, regardless of whether the reduction formula is based on income, cannot be designated as a tax either, and therefore cannot violate art 9, § 7.

III

Since the adoption of the 1963 Constitution, the appellate courts of this state have had only two occasions to resolve issues relating to art 9, § 7. *Kuhn v Dep't of Treasury,* 15 Mich App 364; 166

NW2d 697 (1968), aff'd as modified 384 Mich 378; 183 NW2d 796 (1971), was the first case to challenge any provisions of the Income Tax Act. Two of the challenges involved Const 1963, art 9, § 7.

The plaintiffs in *Kuhn* alleged that both the allowance of the $1200 per dependent personal exemption and the credits allowed for property and income tax violated art 9, § 7. The trial court had granted summary judgment for the defendants, and the Court of Appeals affirmed the constitutionality of the act in all respects. As to the plaintiffs' challenge to the $1200 exemption per dependent, Justice LEVIN, writing for the Court, stated:

> The Michigan constitutional provision prohibiting "an income tax graduated as to rate or base" prohibits only different rates of tax on different segments of taxable income of the person being taxed. It does not prohibit the exclusion or exemption from the definition of taxable income of a portion of the taxed person's receipts.
>
> What the people sought to prohibit was the imposition of the kind of graduated income tax imposed by the Federal government. Of course, the legislature may not accomplish by indirection that which it may not do directly. We have carefully reviewed the objections advanced by the plaintiffs with that in mind. We are persuaded that the tax imposed does not impose the kind of tax which the constitutional provision prohibits.
>
> The words "or base" in the phrase "no income tax graduated as to rate or base shall be imposed" prohibit only the imposition of a so-called "piggyback" income tax, i.e., one based on a taxpayer's Federal tax liability.[12] A piggyback income tax, if enacted, would have the effect of imposing an income tax graduated as to rate.
>
> Nor does this constitutional provision prohibit classification of taxpayers and the imposition upon one class of taxpayers of a different rate of tax

than that imposed upon another class of taxpayers.

The classification of taxpayers into 3 principal categories, i.e., individual, corporations and financial institutions, not being based on their respective incomes, does not violate article 9, § 7. The rates of tax imposed by the income tax act are uniformly applicable to all taxable income of every taxpayer in each class.

---

[12] This appears from the majority report in support of committee proposal 51 of the constitutional convention of 1961, which proposed the language ultimately adopted by the convention and the people as article 9, section 7. The following is from the majority report (1 Official Record, Constitutional Convention 1961, p 854):

"The provision makes it clear that neither the state nor any local unit of government may impose a graduated income tax. The words 'or base' are necessary to prevent 'piggyback' taxation based on the federal tax liability. Without such language, a tax nominally imposed at a flat rate might actually adopt all of the graduation of the federal tax. A flat rate income tax is clearly permitted, and could, in the opinion of the committee, be imposed on a 'piggyback' basis on income computed for federal tax purposes. The legislature could prescribe reasonable exemptions for a flat rate income tax."

That the words "or base" were included for this purpose also appears from the record of debate. See 1 Official Record, Constitutional Convention 1961, pp 893, 894. See, also, the address to the people, explaining article 9, § 7, 2 Official Record, Constitutional Convention 1961, p 3399, reprinted as annotation to 1 MCLA, art 9, § 7, p 562:

"The words 'or base' are necessary to prevent 'piggyback' taxation based on the federal tax liability" and further, "The legislature could prescribe reasonable exemptions for a flat rate tax."

---

[15 Mich App 369-371.]

The Court disposed of the plaintiffs' allegations that the property tax credit and income tax liability credit also violated the anti-graduated income tax provision in one paragraph:

The credits for property and income taxes are allowed against the tax liability of all taxpayers without regard to their income. The limitations upon the amounts of credits that may be claimed

by a taxpayer are not based upon the taxpayer's income; the effect is not to impose a tax violative of the constitutional prohibition against a tax graduated as to rate or base. [*Id.* at 371.]

This Court granted leave to appeal in *Kuhn,* and affirmed the decision of the Court of Appeals on the issue pertinent to the instant case. This Court adopted the analysis of the Court of Appeals:

Plaintiffs say that the classification of taxpayers into three categories and the Act's provisions allowing credits for property tax and income tax liability violate Michigan Constitution of 1963, art 9, § 7, prohibiting an income tax graduated as to rate or base. As the Court of Appeals said, that prohibition applies only to different rates of tax on different segments of taxable income of the person being taxed. It does not prohibit the exclusion or exemption from the definition of taxable income of a portion of the taxed person's receipts. Undoubtedly what the drafters and adopters of that provision in the 1963 Michigan Constitution had in mind was the graduated scheme of the Federal income tax in which rates increase as taxable income does, and that power they wished to deny to the state. Neither the designation of three types of taxpayers with different applicable rates to each, nor the difference in exemptions or exclusions causes this Act to run amiss of that wish and does not violate art 9, § 7. The rates of tax imposed by the Act are uniformly applicable to all taxable income of every taxpayer in each class. As the Court of Appeals said:

"The credits for property and income taxes are allowed against the tax liability of all taxpayers without regard to their income. The limitations upon the amounts of credits that may be claimed by a taxpayer are not based upon the taxpayer's income; the effect is not to impose a tax violative of the constitutional prohibition against a tax graduated as to rate or base." [*Kuhn v Dep't of Treasury,* 384 Mich 388-389.]

The only other case involving an art 9, § 7 challenge is *Rosenbaum v Dep't of Treasury,* 77 Mich App 332; 258 NW2d 216 (1977), lv den 402 Mich 826 (1977). In that case, the plaintiffs sought to have the property tax credit and the sales tax credit provisions declared unconstitutional as violative of Const 1963, art 9, § 7. The trial court had granted the defendant's motion for summary judgment, and the Court of Appeals affirmed.

The plaintiffs argued that the formula to be applied in determining eligibility for the property tax credit had the effect of creating a graduated tax rate. In other words, their argument was that the statutory provision allowing for a property tax credit of that amount by which the property tax exceeds 3.5 percent of the plaintiff's total household income operates to impose a higher tax rate upon those with higher income.

The Court of Appeals rejected that contention, noting that "[p]laintiffs are correct only if it is assumed that every taxpayer's property tax liability is the same. The actual property tax credit which results from application of the statute is a result of two independent variables. *Once having computed the credit it is allowed against tax liability without regard to the amount of a taxpayer's income.*" 77 Mich App 334. (Emphasis added.)

The Court reasoned that "[m]anipulation of the variables can yield results which do or do not appear to create a graduated rate depending on the assumptions used. We could by arbitrary manipulation make the credits vary only with changes in household income as the plaintiffs have done in their brief, but that clearly is not the necessary result of the statute." *Id.* at 335. The Court of Appeals looked to this Court's opinion in *Kuhn* for guidance, and analogized the property tax credit provisions to the income tax credit

provision at issue in that case. Because the income tax credit provision was upheld against an art 9, § 7 challenge in *Kuhn,* despite its obvious relation to a taxpayer's income, the Court concluded that the property tax credit provision was also constitutional.

> The amount of the property tax credit is not based solely upon the taxpayer's income, but rather upon the two independent variables of household income and property tax. *Once the credit is computed it is allowed without regard to the taxpayer's income.* Therefore, it does not create either directly or indirectly a graduated tax rate or base. The logic of the *Kuhn* opinion requires the finding that the property tax credit provision does not violate Const 1963, art 9, § 7. [*Id.* at 336. Emphasis added.]

Because "[p]laintiffs here have failed to overcome the presumption of constitutional validity inherent in this statutory provision," *id.* at 337, the Court of Appeals affirmed the trial court's grant of summary judgment in favor of the Department of Treasury. This Court denied leave to appeal.

IV

It is clear that in *Kuhn,* by closely examining the credits, exclusions, and exemptions there challenged, we at least implied that a constitutional violation can occur by the use of income criteria for determining their amounts. The *reduction* of a credit, as in the case before us, would be no exception to such an implication, if, as appears at first blush here, it was determined that such a reduction was influenced by income bracketing, and such factors affected the income tax liability.

We believe, however, that the property tax credit reduction in question here is of a different nature than the credits examined in *Kuhn* and *Rosenbaum,* and that the Court of Appeals has perceptively and clearly located the distinguishing feature:

   While it is true that the property tax credit is allowed against income tax liability *with* regard to a taxpayer's taxable income, we still find no constitutional violation. The dispositive question is whether the credit at issue indirectly creates a progressive or graduated *income tax rate.*
   The § 520(8) property tax credit incremental reduction formula does not affect the fixed flat rate income tax liability imposed upon taxpayers with adjusted household incomes over $65,000. Their income tax liability remains the same. The only tax liability the § 520(8) formula affects, either directly or indirectly, is the property tax liability on their homestead. We reach this conclusion after carefully considering the nature of the property tax credit.
   The property tax credit provisions of the income tax act create a property tax *rebate* program. That program is primarily designed to relate local property taxes to income or to the ability to pay those taxes rather than to the actual value of the property so taxed. The major recipients of this property tax rebate program are senior citizens, veterans, the blind and disabled, and the low-incomed. See, MCL 206.522; MSA 7.577(1522).
   Those eligible for this property tax rebate under the formula, MCL 206.522; MSA 7.577(1522), *Rosenbaum, supra,* may receive the rebate in the form of an income tax credit. Indeed, a property taxpayer may file for this property tax rebate and receive such a rebate even if the computed rebate exceeds the amount of income taxes the property taxpayer might owe or even if the property taxpayer has no state income tax liability whatsoever. MCL 206.520(3); MSA 7.557(1520)(3). The [sic] es-

sence, then, the property tax credit is a convenient and practical means for the state to administer this property tax rebate program. [141 Mich App 121-122. Emphasis in original.]

Unlike the federal government, the state is not exempting certain property taxes from the base of the tax; rather, it is refunding them. The property taxpayer receives the rebate whether or not there is any income tax liability.

The plaintiffs themselves state that the property tax credit *"cannot* be a credit against income tax liability, because the beneficiary is entitled to cash payment where the credit exceeds his liability," and, "the Court must keep in mind in connection with this suit that such property tax credit represents an obligation of the State of Michigan to property taxpayers, whether or not they have any income tax obligation to the state."

The plaintiffs, despite these admissions, continue to argue that the property tax credit does affect the income tax liability of the taxpayer and, as such, the income graduation in § 520(8) is violative of art 9, § 7. Plaintiffs only briefly and without citation of supporting authority dismiss the analysis of the Court of Appeals by stating, "It cannot be a *rebate,* nor a reduction of property taxes, because property taxes are not paid to the state." In several places in their brief, the plaintiffs, again without rationale or citation to authority, cite the uniformity and ad valorem requirements of Const 1963, art 9, § 3[2] and state, "By extension, any

---

[2] Const 1963, art 9, § 3 provides:

The legislature shall provide for the uniform general ad valorem taxation of real and tangible personal property not exempt by law. The legislature shall provide for the determination of true cash value of such property; the proportion of true cash value at which such property shall be uniformly assessed,

reduction or rebate of property taxes would also have to be on an ad valorem basis and to all property taxpayers."[3]

We do not accept the implication of plaintiffs' argument that, if the property tax credit is infirm under other provisions of the constitution, it then necessarily is converted to a provision that affects income tax liability.

The property tax "credit," which § 520(8) reduces for some taxpayers on the basis of their income, is in effect a property tax rebate that employs the income tax as a vehicle for its reconciliation. Therefore, art 9, § 7, which is concerned only with income taxes, is inapplicable to what is clearly a property tax rebate. Its validity as a property tax rebate is not before us in this case.

## V

Plaintiffs' due process and equal protection arguments were not raised in the Court of Appeals, and we therefore decline to consider them.

The decision of the Court of Appeals is affirmed.

which shall not, after January 1, 1966, exceed 50 percent; and for a system of equalization of assessments. The legislature may provide for alternative means of taxation of designated real and tangible personal property in lieu of general ad valorem taxation. Every tax other than the general ad valorem property tax shall be uniform upon the class or classes on which it operates.

[3] The plaintiffs have not asked us to find that § 520(8) or the property tax credit itself is violative of the property tax provisions of the Michigan Constitution; nor, except for the brief assertions quoted above, have the parties argued that issue. Plaintiffs' brief begins, "The sole legal issue presented is whether 1982 PA 269(8) [sic] violates Const 1963, art IX, § 7." The plaintiffs also assert that "[t]he validity of the property tax credit, which Plaintiffs assume for purposes of this suit, is not affected in any manner by the provisions of Section 7 of Article IX, because the state is *giving* something, not taking something away."

WILLIAMS, C.J., and LEVIN, CAVANAGH, BOYLE, and RILEY, JJ., concurred with BRICKLEY, J.

ARCHER, J., took no part in the decision of this case.