CITIZENS COMMERCIAL & SAVINGS BANK v RALEIGH

Docket No. 86743. Submitted July 9, 1986, at Lansing. Decided April 7, 1987. Leave to appeal applied for.

Citizens Commercial & Savings Bank brought an action in district court against Lorraine M. Raleigh, seeking to recoup the outstanding principal and accumulated interest on a Visa credit card account. The account was initially held jointly by defendant and her former husband who had discharged the obligation with his petition in bankruptcy following the couple's divorce. The district court, on defendant's request and over plaintiff's objection, instructed the jury that defendant was liable only to the extent her separate estate received benefit from the Visa indebtedness. Judgment was entered on the jury's verdict of no cause of action. The Genesee Circuit Court, Judith A. Fullerton, J., affirmed on appeal. Plaintiff appealed by leave granted.

The Court of Appeals held:

1. Const 1963, art 10, § 1 abolished the disabilities of coverture, enhanced a married woman's right to get credit, but did not preserve MCL 557.52; MSA 26.182, MCL 557.53; MSA 26.183 which exempted a married woman from liability for joint obligations with her husband to the extent she held properties separate from her husband.

2. Defendant did not rely on the limited liability of married women when she entered into the joint obligation with her husband. Thus, she could not properly claim on appeal that she was relying on the statutes discussed above or on *City Finance Co v Kloostra,* 47 Mich App 276 (1973), wherein the Court of Appeals held that such limited liability was retained by the 1963 Constitution.

Reversed and remanded for a new trial.

REFERENCES

Am Jur 2d, Constitutional Law §§ 100 *et seq.*

Am Jur 2d, Husband and Wife §§ 16 *et seq.*

Spouse's liability, after divorce, for community debt contracted by other spouse during marriage. 20 ALR4th 211.

See also the annotations in the Index to Annotations under Constitutional Law.

1. CONSTITUTIONAL LAW — JUDICIAL CONSTRUCTION.

    A court construes constitutional language within its common understanding by considering the circumstances surrounding its adoption; every statement in the constitution must be interpreted in light of the whole document; each provision is of equal integrity and none must be construed so as to nullify or substantially impair another.

2. HUSBAND AND WIFE — JOINT LIABILITY — COVERTURE — CONSTITUTIONAL LAW.

    A provision of Michigan's 1963 Constitution abolished the disabilities of coverture, enhanced a married woman's right to get credit, but did not preserve statutes which exempted a married woman from liability for joint obligations with her husband to the extent she held properties separate from her husband (Const 1963, art 10, § 1; MCL 557.52, 557.53; MSA 26.182, 557.53).

*Diane L. Otto,* and *Pepper, Hamilton & Scheetz* (by *Russ E. Boltz*), for plaintiff.

*Robert P. Keil,* for defendant.

Before: CYNAR, P.J., and T. M. BURNS and M. E. KOBZA,* JJ.

M. E. KOBZA, J. Defendant and her former husband, James Raleigh, applied to plaintiff on March 12, 1973, for issuance of a Visa credit card. A joint account was subsequently opened with a $500 credit limit. Defendant and her former husband were twice approved for increases in credit to a limit of $2,000. On April 30, 1978, a judgment of divorce dissolved the marriage between defendant and James Raleigh. The outstanding balance on the Visa account was $3310.14.

James Raleigh's obligation to plaintiff was discharged in bankruptcy on July 15, 1980. Plaintiff filed suit on June 4, 1984, seeking to recoup the

* Circuit judge, sitting on the Court of Appeals by assignment.

principal and interest on the account, which then totaled $5892.60.

The matter was tried before a jury in the district court. On defendant's request and over plaintiff's objection, the trial court instructed the jury that defendant was liable only to the extent her separate estate received benefit from the Visa indebtedness. See MCL 557.52; MSA 26.182, MCL 557.53; MSA 26.183. The jury rendered a verdict of no cause of action. The circuit court affirmed the district court.

Plaintiff sought leave to appeal to this Court, contending that defendant was personally liable on the entire debt as cosignor of the Visa application. We granted leave to appeal.

This case involves three issues dealing with the limited liability formerly granted married women entering into joint obligations with their husbands, instructed on by the trial court below. MCL 557.52; MSA 26.182 and MCL 557.53; MSA 26.183, repealed by 1981 PA 216, MCL 557.21 *et seq.;* MSA 26.165(1) *et seq.,* effective March 31, 1982. The parties present three issues as alternative means of resolving this appeal:

(1) whether Const 1963, art 10, § 1 abolished the limited liability granted married women entering joint obligations with their husbands by the former act,

(2) whether the new act, 1981 PA 216, MCL 557.21 *et seq.;* MSA 26.165(1) *et seq.,* which treats the property of married women the same as any other person in all respects, may be given retroactive effect to make defendant liable on the joint obligation entered with her husband, and

(3) whether defendant's entering into an obligation of joint liability at a time when this Court had held that married women were not liable from their separate estates for joint obligations with

their husbands prevents retroactive application of a ruling to the contrary. We address the above issues in order.

We do not address an issue of first impression to this Court when we seek to determine whether Const 1963, art 10, § 1 abolished the limited liability granted married women entering joint obligations with their husbands by MCL 557.52; MSA 26.182, MCL 557.53; MSA 26.183. However, we do hope to put to rest the confusion surrounding the issue, evidenced by a split in this Court. Compare *City Finance Co v Kloostra,* 47 Mich App 276; 209 NW2d 498 (1973) (limited liability retained by 1963 Constitution), and *Michigan National Leasing Corp v Cardillo,* 103 Mich App 427; 302 NW2d 888 (1981), lv den 412 Mich 857 (1982) (limited liability enjoyed by married women abolished by 1963 Constitution).

MCL 557.52; MSA 26.182 and MCL 557.53; MSA 26.183, 1917 PA 158, §§ 2, 3, as amended by 1929 PA 287, provided:

> Hereafter married women shall be possessed of the power and capacity, and it shall be competent for them to bind and makes [make] themselves jointly liable with their husbands upon any written instrument as hereinafter provided. *Said liability to extend, however, only to the property described in the following section.*
>
> Hereafter the real estate of the husband and wife owned by them as tenants by entirety, or the real estate acquired by either as survivor of the other, or in the event of divorce the interest of either in real estate which was previously owned by them as tenants by the entirety, shall be liable to seizure and sale on execution, and all personal property and choses in action owned by husband and wife jointly with right of survivorship therein, shall be subject to writ of garnishment and all other process provided by law, in satisfaction of

any judgment which has been recovered against the persons who were at the time of the execution of such written instrument signed by both. *In case the wife is the survivor, or in case the husband and wife have been divorced prior to the recovery of the judgment, a judgment against the wife may be satisfied only out of such property.* [Emphasis added.]

Article 10, § 1 of the 1963 Constitution provides:

*The disabilities of coverture as to property are abolished.* The real and personal estate of every woman acquired before marriage and all real and personal property to which she may afterwards become entitled shall be and remain the estate and property of such woman, and shall not be liable for the debts, obligations or engagements of her husband, and may be dealt with and disposed of by her as if she were unmarried. Dower may be relinquished or conveyed as provided by law. [Emphasis added.]

Plaintiff contends that the limited liability instructed on by the trial court is a "disability of coverture" abolished by the 1963 Constitution. Defendant responds that the limited liability instructed on is not a disability of coverture, as contemplated by the 1963 Constitution, but is a "defense of coverture" granted to married women by the Legislature.

At common law, by her coverture (marriage), a woman ceased to have control of her actions or her property, which became subject to the control of her husband. *Kloostra, supra,* pp 282-283. Through legislative enactments the control of a woman's earnings and personal property were placed in her. *Kloostra,* pp 283-284, quoting *Sierra v Minnear,* 341 Mich 182, 186-187; 67 NW2d 115 (1954).

Part of the distinct treatment of a woman's property was retained in the statutes at issue, which nowise limit a woman's control of her property, but limit her liability for obligations jointly undertaken with her husband.

Because *Kloostra, supra,* is the only precedential authority from this Court analyzing in detail the effect of Const 1963, art 10, § 1 on the statutes at issue, our analysis begins there.

In *Kloostra,* the Court examined the comments of five delegates to the constitutional convention during the debate regarding a constitutional provision to abolish the disabilities of coverture. *Kloostra,* 47 Mich App 285-289.[1] The *Kloostra* Court then concluded that the constitutional provisions sought to grant married women the full right to control their property, i.e., abolished the "disabilities" of coverture, while protecting a woman's separate estate from joint obligations in case of her husband's death, incapacity, or abandonment of family responsibility, i.e., retained for married women a "defense" of coverture.

Our review of the comments which the *Kloostra* Court found to endorse the "protection" of a married woman's separate estate leaves us unconvinced that the delegates commenting thereon intended any greater protection of women than the total abolition of coverture, i.e., abolition of the common law as it related to a woman's control of her separate estate. See *Kloostra,* pp 287-288. Nor do we believe that the comments the *Kloostra* Court found evidence the delegates' intent to electioneer in regard to the interests of women, 47 Mich App 285-286, and to render the above statutes constitutional, 47 Mich App 289, necessarily

---

[1] We choose not to reproduce the remarks of delegates to the constitutional convention quoted in *Kloostra*. However, those quotations are incorporated herein by reference.

endorse the extra protections the *Kloostra* Court found they did.

More importantly, constitutional debates are illuminating, but not decisive with regard to the meaning of constitutional provisions. It is the constitutional language and "Committee Comments" by the delegates which voters have before them when voting upon a new constitution. Comments made during the constitutional debate thus must be placed in perspective, as mere individual expressions of concepts as the individual speakers perceive them. See *Regents of the University of Michigan v Michigan,* 95 Mich 52; 235 NW2d 1 (1975). A court should resort to the constitutional debates only in the absence of guidance in constitutional language and convention comments, as when a court finds in the debates a recurring thread or explanation binding together the whole of a constitutional concept. *Id.*

As outlined above, we have found no common thread in the debates. We move to the language of the constitutional provisions at issue.

Courts construe constitutional language within its "common understanding" by considering the circumstances surrounding its adoption. *Butcher v Dep't of Treasury,* 141 Mich App 116; 366 NW2d 15 (1984). Every statement in the constitution must be interpreted in light of the whole document. Each provision is of equal integrity and none must be construed so as to nullify or substantially impair another. *People v Blachura,* 390 Mich 326; 212 NW2d 182 (1973).

When addressing the former rule of construction, the trial court concluded that the term "disabilities of coverture" had no meaning discernible by those adopting the 1963 Constitution, the electorate. While we are inclined to agree, attempted

construction of the provision should not have ended there.

Of special significance here, the 1963 Constitution guaranteed for the first time equal protection of the laws. Const 1963, art 1, § 2. The gender-based classification contained in MCL 557.52; MSA 26.182, MCL 557.53; MSA 26.183, which exempted a married woman from liability for joint obligations with her husband to the extent she held properties separate from her husband was of dubious utility in its manifest purpose of protecting that class of persons from the predations of their husbands and their husbands' creditors.

To the extent this Court recognizes that the former statutes operated to favor needy women who, as a general rule, earn less than their male counterparts, or oftentimes do not work outside the home, we find that purpose an insufficient reason to support a gender-based classification that denigrated the efforts of women who contributed to family finances and denied equal protection to husbands. See *Weinberger v Weisenfeld,* 420 US 636, 645; 95 S Ct 1225, 1232; 43 L Ed 2d 514, 523 (1975).

We believe the debate oratory by delegate Ann Donnelly, quoted by the *Kloostra* Court, 47 Mich App 287, supports our conclusion that art 10, § 1 was perceived by the delegates to advance equal protection of the laws. We conclude that art 10, § 1, abolishing the disabilities of coverture, sought merely to enhance a married woman's right to get credit; it did not constitutionalize or preserve that statute providing married women an opportunity to avoid liability normally arising from the undertaking of a joint obligation.

This Court need not discuss the issue of retroactivity of 1981 PA 216 since, by our decision in interpreting art 10, § 1 of the Constitution, the

retroactivity of that statute is irrelevant. Giving effect to a constitutional provision adopted earlier than the statute, which provision could obligate the defendant from the time of the adoption of the Constitution, makes reference to any later adopted statute unnecessary. The Constitution obviously prevails. The issue of retroactivity of the above statute will not change the outcome.

Lastly, we confront defendant's claim that, even were we to hold, as we have, that art 10, § 1 of the 1963 Constitution abolished the limited liability granted married women in MCL 557.52; MSA 26.182, MCL 557.53; MSA 26.183, our holding should not affect defendant's liability as construed below since *Kloostra, supra,* was the law announced by this Court when defendant entered into the joint obligation with her husband.

Constitutional provisions dealing with the impairment of contracts have no application here. *Trust Lake Shooting & Fishing Club v Louisiana,* 224 US 632; 32 S Ct 577; 56 L Ed 924 (1912). Rather, the proposition defendant posits limits courts from affecting, on principles of equity and justice, contractual or other rights obtained in reliance on prior court decisions. See *Gentzler v Constantine Village Clerk,* 320 Mich 394, 398-399; 31 NW2d 668 (1948). We believe that rule has no proper application here.

Initially, we note that *Kloostra, supra,* was not appealed to the Supreme Court. The rule asserted by defendant normally applies only to rules of law announced by courts of last resort. *Gentzler, supra.* Otherwise, a party is generally entitled to adhere to what it believes to be the correct interpretation of a statute, contrary interpretations of intermediate appellate courts aside, and to reap the benefits of that adherence if it proves to be correct, except when bound to the contrary by a

final judgment in a particular case. *United States v Donnelly,* 397 US 286; 90 S Ct 1033; 25 L Ed 2d 312 (1970).

Second, while perhaps reliance may be presumed in the absence of proof to the contrary, defendant's testimony at trial reveals that she placed no reliance on the limited liability of married women when she entered into the joint obligation at issue with her husband. Rather, defendant was under the impression that her husband, as the only employed person in the household signing the application and as head of the household, was solely liable on all charges to the account. Contrary to the statutes on which defendant seeks to rely, defendant felt that only her husband was liable for charges made to the account. Her reliance did not depend on the distinction between a "disability" and "defense" of coverture carved out by the *Kloostra* Court.

Reversed and remanded for new trial.